Burks, J.,
delivered the opinion of the court.
The appellee, Stephen Bond, filed his bill in the county court of Carroll, against William B>. Horton (principal debtor), and the appellants (except George D. Smith, assignee) and others, his sureties, and their alienees, and others interested in the subject matter of the suit, to enforce a lien of a judgment recovered by said Bond against said principal and his sureties, and to that end, amongst other things, to set aside, as fraudulent, certain deeds of trust and other conveyances made by some of the sureties. At the first hearing of the cause, the said county court, by its decree, ordered a sale of the lands of. the principal debtor, which sale was reported and confirmed; and on a further hearing, the court made another decree setting aside as fraudulent several of the deeds of the sureties assailed in the bill; and recognizing others as valid, held the equity of redemption thereof liable to the lien of said judgment and ordered a sale, out and out, of the lands of the sureties to satisfy the judgment and other liens of prior date deemed valid. Before the decree for sale was executed, the cause was removed, by operation of law, into the circuit court of Carroll, in which court the appellants filed their petition, praying a rehearing and a reversal of the last mentioned decree, assigning as errors apparent on the record the .following:
*820 “ The court should not have decreed sale when it appeared affirmatively in the cause that rents and profits would in five years discharge the judgment.
“It was error to decree sale until amounts and priorities of all liens on said real estate had been ascertained and reported.
“It was error to let the commissioner determine whose lands should be first sold and the amount to be made out of each of the defendants. Courts of chancery always decree against the party primarily liable, and the decree should have fixed the amount to be paid by each one of the defendants whose lands were liable, and permitted each one of said parties to protect his land from sale by paying the amount for-which he was liable.”
Upon a rehearing had on this petition, the circuit court by its decree held that there was no error in the decree of the county court complained of, and dismissed the petition. The appellants were allowed an appeal from this decree of the circuit court by one of the judges of this court.
The court is of opinion, that the said decree of the county court was premature and erroneous, in ordering a sale of the lands therein mentioned, when it had not been made to appear to said court that the rents and profits of said lands would not discharge the complainant’s judgment in five years.
Before a court of equity can properly order a sale of the debtor’s land to satisfy a judgment lien, it must be made to appear to the court that the rents and profits of the land in five years will not discharge said judgment.—Code of 1873, ch. 182, § 9. And this must be made to appear even against fraudulent alienees.— Cronie v. Hart and others, 18 Gratt. 739.
*821 The insufficiency of the rents and profits to satisfy the judgment within the statutory period may be ■shown by the pleadings, by the admissions of the parties, by evidence taken, or by the report of a commissioner on inquiry ordered. This fact preliminary to the exercise by the court of its jurisdiction to order a sale was in no way made to appear to the court in this case. On the contrary, while the bill alleges that the rents and profits in five years would not discharge the judgment, this allegation is expressly denied by the separate answers of two of the defendants, and was not admitted in the answers of any. Ko evidence was taken to show it, and no inquiry ordered.
In the case of Ewart v. Saunders, 25 Gratt. 203, in the opinion of the court delivered by Judge Bouldin, it is said that the “statute prescribes no particular mode by which it shall be made to appear that the rents and profits will not pay the judgment in five years. When there is doubt about the fact, or an inquiry is demanded by either of the parties, the court will generally direct one of its commissioners to ascertain and report the annual rents and profits of the land. But this is not a necessity in every case. If none of the parties ask such an inquiry, there may, in a proper case, be a decree for the sale of the property without it. Citing McClung v. Beirne, 10 Leigh 394; Manns v. Flinn’s adm’r, Id. 93.
In that case, while the bill alleged that the rents and profits of the land would not pay the judgment in five years, this allegation was not responded to in the defendant’s answer. The only defense set up in the answer was, that the debt was paid; and whether it was paid or not was the whole controversy in the court below. In this case the fact was put directly in issue by the bill and the answers of two of the defendants, *822 and it was essential that it should be established in some way before a sale could properly be ordered. Moreover, if it was necessary that an inquiry should have been asked for in the court below, the appellants did ask for it in their petition for a rehearing. If this, was the only error in this cause, the decree being interlocutory might, as held in Ewart v. Saunders, supra, be amended so as to secure an inquiry before sale, and as amended be affirmed. But this cannot be done,, because the decree must be reversed for other errors, hereinafter specified.
The court is further of opinion, that if it had been ascertained that a sale was necessary, the said decree of the county court was still premature and erroneous in ordering said sale before ascertaining, settling and determining what debts were chargeable on the lands, the amounts thereof, to whom payable, and the order in which they were so payable.
This principle was established at an early day in the leading case of Cole’s adm’r v. McRae, 6 Rand. 644, where it was held that such a decree as'that rendered by the said county court was premature and erroneous,, because a sale, without previously ascertaining and determining the liens and incumbrances and the order-in which they are chargeable, has a tendency to sacrifice the property sold by discouraging the creditors from bidding, as they probably would, if their right to satisfaction of their debts, &c., had been previously ascertained. This case has been followed by numerous, decisions of this court to the same effect. Smith & als. v. Flint & als., 6 Gratt. 40; Buchanan v. Clark & als., 10 Gratt. 164; Iaege v. Boisseaux, 15 Gratt. 83; Lipscombe v. Rogers & als., 20 Gratt. 658; White v. Mech. Building Fund Association, 22 Gratt. 233; Moran v. Brent & als., 25 Gratt. 104.
*823 The-county court by its decree did, perhaps, sufficiently ascertain the debts chargeable on the lands ordered to be sold, except the lands of the appellant, John P. Vinson. He derived his lands by devise from his father, Daniel A. Vinson. The lands so devised consisted of two parcels, the one containing one hundred acres, and the other eighty acres. These lands were devised to the said John P. Vinson, upon the express condition that he should support and take care of his mother during her natural life, and provide for her, at his own expense, all necessary food, clothing and medical attendance; and upon the further condition that he should pay to eight grandchildren, of the testator named, twenty dollars each as soon as they should attain the age of twenty-one years respectively; and it was further provided by the will, that if the said John P. Vinson should wholly fail to make payment of the sums aforesaid, the said grandchildren should have a certain portion, described by metes and bounds, of the lands so devised to the said John P. Vinson; and if the said John P. Vinson should pay to a part only of the said grandchildren the amounts bequeathed them, and should fail to pay to the others the sums bequeathed to them respectively, such others only were to have a proportionate share of the lands so conditionally devised to them, to wit: each one-eighth part.
Before sale of these lands, thus devised to the said John P. Vinson, it is obvious an inquiry should have been ordered and made to ascertain the ages of the widow of Daniel A. Vinson, and of the eight grandchildren, whether the charges on said land, under the wall of Daniel A. Vinson, had been fully satisfied, and if not, to what extent, if at all, they had been so satisfied, so that it might be made to appear whether the *824 said John P. Vinson had complied with the conditions, in whole or in part, under which - the said lands were devised to him, and so whether he had a good title to said lands or not, and to what extent, if at all, the said lands were now encumbered by the charges under the will aforesaid.
Without ascertaining these facts, it is hardly possible that the lands of the said John P. Vinson could be sold except at a great sacrifice, if, indeed, they could be sold at any price.
It moreover appears by the answer of the appellant, Hartwell Alderman, to the complainant’s bill, that while he claims to be the owner of the whole one hundred and three acres of land which he had conveyed in the trust deed to Wm. H. Sutherland, trustee, to secure the payment of the debts therein described, the legal title to at least one half of said land is outstanding in one Henry M. Key, who is not a party to the suit; and as to the other half, while he holds the legal title thereto jointly with himself and his daughter, Thurza 'Alderman, it is rather intimated than positively asserted in his answer that she is the sole beneficial owner thereof. A sale of this land, under this condition of the title, could not reasonably be expected to be made without sacrifice; and before it is sold by decree, the complainant should be required to amend his bill and make said Key a party defendant, with such statements in the bill and references to the title disclosed in the answer aforesaid of the said Hartwell Alderman as will enable the court on further hearing to remove any impediment to a fair sale of the land on account of the doubt and uncertainty as to the title. It would be improper and illegal for a trustee in pais to make sale of lands with clouds resting on the title; and if he attepapted it, a court of equity, on *825 ■a bill filed by the debtor or any other party having an interest, would restrain him. A fortiori, a court, having full possession of the subject in a pending suit, should not decree sale until every impediment to a fair sale is by its aid removed as far as practicable. Rossett v. Fisher, 11 Gratt. 492, 499, and cases there cited; to which may be added Lane v. Tidball, Va. Rep. (Gilmer) 130.
The court is further of opinion that if a sale was proper at all, the said decree of the county court is also erroneous in ordering a sale of all the lands of the sureties uno flatu, and in vesting the commissioner with discretionary power as to the order in which said lands should be sold. While it is true that the sureties as well as their principal are all bound by the complainant’s judgment, and he has the undoubted right to resort for satisfaction to the property of each and all of them, yet, in equity, in a suit in which all the parties are alive and before the court, the court will respect the equities of the parties inter sese, and administer them upon the principles peculiar to the forum, as far as that can be done without too great delay and without prejudice to the rights of the creditor. The principal debtor’s lands should be first subjected to the exoneration of the lands of the sureties. That has been done in this case by prior decree. The sureties, however, are not only sureties of the principal debtor for the whole debt; but, as amongst themselves, they are each surety for the other to the extent of the excess of the whole debt beyond his proportionate part thereof; and each, therefore, has an equity to have the lands of the other subjected, to the exoneration of his own, for such other’s share of the debt. The court, therefore, in directing a sale, when ascertained to be proper, should have apportioned the bal *826 anee of the complainant’s judgment, after crediting the nett amount of the sales of the principal’s land,, equally amongst the sureties, and have ordered a sale of the lands of each, or so much thereof as might be necessary to pay his proportionate part of the judgment; and if either should make default in the payment of his part, and his lands when sold should .prove insufficient to pay such part, the lands of the others should be subjected proportionately for such part unpaid; and so on proportionately, upon further default of any party, until the lands of all have been sold, if the sale of all be necessary for the complete satisfaction of said judgment. See Mayo v. Tomkies, 6 Munf. 520; Dickey v. Gentry’s ex’or & als., not reported.
Upon examination it will be found that the decision in Lacy v. Stamper & als., 27 Gratt. 42, cited by appellee’s counsel, is not at all in conflict with what has been hereinbefore stated. In that case the bill was filed by a legatee against the personal representative of the-executor of a decedent and the sureties of said executor, and against succeeding administrators de bonis non-of said decedent and their sureties, for accounts and settlement of their several administrations; and the-court held, under the circumstances of the case, that the legatee should not be required to proceed further than she had gone before resorting personally to the sureties. The president, in delivering the opinion of the-court in that case, said, “We do not mean to decide-that in no case will a creditor or legatee be compelled to exhaust his remedy against the personal representative and heirs of the executor before resorting to the sureties, or to lay down any general rule on the subject; but merely to say that there are cases in which he will not be so required (as authorities before cited plainly show). *827 and this is one of them.” The object of the bill in the present case is to enforce the lien of a judgment against the lands of all the parties, and all the parties " being convened for that purpose by the bill, it is but equitable that each party should be required to bear his part of the common burden. The creditor has been already and may be further subjected to some delay in the pursuit of his remedy; but this delay is incident to his remedy, and cannot be avoided.
The court is further of opinion, for the reasons stated, that the said decree of the circuit court of Carroll county dismissing 'the petition of the appellants for rehearing of the decree aforesaid of the county court of Carroll, is erroneous and should be reversed and annulled; and that the said decree of the said county court, in so so far as the same is hereinbefore declared to be erroneous, should also be reversed and annulled, and the residue thereof be affirmed; and that this cause be remanded to the said circuit court to be further proceeded in to final decree in conformity with this opinion and the principles herein declared.
The decreé was as follows:
This day came again the parties by their counsel, and the court having maturely considered' the transcript of the record of the decree aforesaid and arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said circuit court of Carroll county erred in its said decree in dismissing the petition, of the appellants filed for a rehearing and reversal of the decree of the county court of said county, rendered in this cause on the 21st day of January 1873, and in not reversing said decree of *828 the said county court for the following errors apparent on the record:
1. The said decree of the county court was premature, and is erroneous in ordering a sale of the lands of the defendants therein mentioned, without the fact being made to appear to the said court that the rents and profits of said lands would not discharge the complainant’s judgment in five years. Before any sale could have been properly ordered; that fact should have been made to appear in some way, and as it’ did not in any way appear, an inquiry should have been ordered and made to ascertain the annual rental value of said lands.
2. The said decree of the county court was also premature, and is therefore further erroneous in ordering a sale of said lands, if a sale had been shown to be proper, before it had been ascertained and determined by the decree of the court, on an account ordered and taken, what were the unsatisfied liens and incumbrances on said lands respectively, the several amounts thereof, by whom held, and the order in which they are chargeable on said lands. The liens and incumbrahces on the lands of the several defendants, except John P. Yinson (one of the appellants here), seem to be sufficiently, although not very accurately, ascertained by the said decree of the county court. As to the lands of the said John P. Yinson, an enquiry should have been ordered to ascertain the respective ages of the widow of Daniel A. Yinson, deceased, and the eight grandchildren named in his will; a copy of which is filed as an exhibit in the cause, and further to ascertain the amounts charged upon said lands of said John P. Yinson by the will of said decedent in favor of the said grandchildren, whether said amounts have all, or any of them, become payable, *829 and if any of them remain unpaid, which and to whom payable; and as this inquiry as to the lands of said John P. Yinson, and the charges thereon was necessary before sale in ordering it, the court, for greater certainty, should have also ordered at the same time an account of all the liens and incumbrances on the lands of the other defendants, and the priorities, if any, amongst them.
8. It appears by the answer of the appellant, Hart-well Alderman, to the complainant’s bill, that while he claims to be the owner of the whole one huudred and three acres of land mentioned in his said answer, and which were ordered by the said decree of the county court to be sold, yet that the legal title to a portion of said land is outstanding in one Henry M. Key, who is not a party to this cause, and as to the other portion the legal title is in said Alderman and his daughter, Thurza Alderman. With this doubt and uncertainty resting upon the title to said land, it was error in the said county court by its said decree to order a sale of the land until the cloud resting on the title had been removed. Before any sale should have been ordered, the complainant should have been required to amend his bill and make the said Henry M. Key a party in the cause, the bill as amended to contain such allegations and statements and references to the title of said Hartwell Alderman disclosed by his answer aforesaid as would enable the court, on further hearing, to remove any impediment to a fair sale of said land arising out of the doubt and uncertainty resting on the title.
4. The said decree of the county court was further erroneous, even if it had been shown that a sale was proper, in ordering a sale of all the lands of the defendants without regard to the relative liabilities of *830 the parties, and in investing the commissioner appointed to make the sale with discretionary power as to the order in which he should sell said lands. ' The parties being sureties, the court by its decree should have apportioned the complainant’s judgment, after crediting thereon the net amount of the sale of the lands of the principal (William R. Horton) equally amongst the sureties, and have ordered a sale of the lands of each, or so much thereof as may be necessary to pay his proportionate part of the judgment; and if either should make default in the payment of his part, and his lands when sold should prove insufficient to pay such part, the lands of the others should be subjected proportionately for such part unpaid, and so on proportionately upon further default of any party occurring, until the lands of all be sold, if the sale of all be necessary- to the complete satisfaction of the judgment.
The court is of opinion, for the reasons stated in writing and filed with the record, that the said decree of the circuit court of Carroll county is wholly erroneous. It is therefore decreed and ordered that said decree of said circuit court be reversed and annulled, and that the appellants recover against the appellee their costs by them expended in the prosecution of their appeal aforesaid here. And this court now proceeding to render such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the decree aforesaid of the said county court of Carroll, rendered on the 21st day of January 1873, in •so far as the same is hereinbefore declared to be erroneous, be reversed and annulled, and the residue thereof be affirmed. And this cause is remanded to the said circuit court, with directions to cause the inquiries and accounts hereinbefore indicated as proper *831 to be made and taken, to require the complainant to amend his bill and make Henry W. Key a party defendant in the cause, such allegations, statements and references to be set forth in the amended bill as hereinbefore indicated as proper, and that the cause be otherwise proceeded in to a final decree in conformity with the opinion and principles herein declared.
Decree reversed.