Christian, J.,
delivered the opinion of the court.
The court is of opinion that the decree of the circuit court of Henry county declaring that the lien asserted by the appellant has no validity, and dismissing his bill against the appellees, John R. and Henry C. Robertson, is plainly erroneous.
The orders of the circuit court of Henry entered on the chancery side thereof on the 5th day of Sep *267 tember, 1859, were in form and legal effect judgments, and cannot be held to be mere awards of executions. • The appellant, Edmund Redd, together with his brothers and sisters, had, in a chancery suit instituted in the circuit court of Henry, recovered against their guardian and his sureties a decree for various amounts due to each of them—the amount decreed in favor of the appellant being $588.23 with interest thereon from the 12th July, 1858, till paid. Upon this decree executions were sued out and levied, and forthcoming bonds taken. These forthcoming bonds were forfeited, and judgments entered in the following form in favor of the appellant, and in the same form as to the other wards:
This day came the plaintiff’ by his attorney, and it appearing to the satisfaction of the court that the defendants have had legal notice of this motion, they were solemnly called, but came not. And thereupon, on motion of the plaintiff, it is considered by the court that he recover against the defendants the sum of twelve hundred and eighty-nine dollars and fifty-two cents, the penalty of the said bond, and his costs by him about his motion in this behalf expended; and the said defendants in mercy, &c. But this judgment is to be discharged by the payment of six hundred and forty-four dollars and seventy-six cents with interest thereon, at the rate of six per centum per annum, from the 27th day of June, 1859, till paid, and the costs.
This judgment was regularly docketed on the lien docket in the clerk’s office of the county court of Henry. Erom the date of such docketing it was a lien upon all the real estate of the defendants, and was notice to all purchasers of the same.
Before the act of 1842 (Sess. Acts, 1842, ch. 71, § 2) a forthcoming bond forfeited had the force of a judgment, and the clerk, on motion, awarded execution *268 thereon. But by said act the bond forfeited and returned had no longer the force of a judgment; -but . the court was directed, after notice, to grant judgment and award execution.
It is now provided by statute “that the obligor in such forfeited bond shall be liable for the money therein mentioned, with interest thereon from the date of bond till paid, and the costs; the obligee or his pei’sonal representative shall be entitled .to recover the same by action or motion.” Code 1860, ch. 189, § 3. Although a forfeited forthcoming bond when returned to the clerk’s office has the force of a judgment, yet there may be a judgment rendered by the court, by motion or action, thereon. See Code 1849, ch. 189, § 2.
It is plain, under these statutes, that the order referred to above is in terms and legal effect a judgment, and, being recorded, is a lien on all the lands of the defendants and those in the hands of purchasers conveyed after the docketing of said judgment.
The court is therefore of opinion that the decree dismissing the plaintiff’s bill as to the purchasers, J ohn R. and Henry C. Robertson, is erroneous. And for this cause the said decree must be reversed and the cause remanded.
The court is further of opinion that the said circuit court ought to have referred to one of its commissioners, to ascertain and report, the lands in the hands of John II. Redd, Peter R. Ramey, Overton H. Dillard, and John II. Jamerson, and that said lien shall first be enforced against the lands of the principal debtor, John II. Redd; and if not sufficient to satisfy said lien, then to be apportioned among the sureties in accordance with the principles laid down by this court in Horton & als. v. Bond, 28 Gratt. 815; and for that *269 purpose all proper parties interested in such apportionment shall be brought before said circuit court.
The decree was as follows :
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the decree of the said circuit court of Henry county, declaring that the lien asserted by the appellant has no validity and dismissing his bill against the appellees, John E. and Henry C. Eobertson, is erroneous. It is, therefore, decreed and ordered that the said decree he reversed and annulled, and that the appellant recover against appellees his costs by him expended in the prosecution of his appeal and writ of supersedeas here. And this court now proceeding to enter such decree as the said circuit court ought to have rendered, it is therefore adjudged, ordered and decreed that the order of the circuit court of Henry county, entered on the chancery side thereof on the 5th day of September, 1859, was in form and legal effect a judgment, and having been regularly docketed on the lien docket in the clerk’s office of the county court of Henry, was a lien upon the lands of the said Peter E. Eamey sold and conveyed to the said John E. and Henry C. Eobertson after the recordation of said judgment, and that said lands in their hands are liable to said judgment lien, and that the same be enforced against them. It is, therefore, decreed and ordered'that this cause be remanded to said circuit court, with instructions to said court to direct an' enquiry by one of its commissioners to ascertain and report before proceeding to enforce the lien of said judgment against the lands in the hands *270 of the said John R. and Henry O. Robertson, whether riie principal debtor, John H. Redd, was possessed of real estate on which said judgment was a lien, and also what real estate was in the possession of Peter R. Ramey, Overton R. Dillard, and John H. Jamerson; and upon the report of the commissioner the said circuit court shall proceed to enforce said judgment lien according to the rights of the parties to this suit; and it is' further decreed and1 ordered that John H. Jamerson and the heirs of Overton R. Dillard be made parties to this suit; all of which is ordered to be certified to the said' circuit court of Henry county.
Decree reversed.