Staples, J.
This is a controversy between the appellee, a judgment creditor, and the appellant, a trust creditor of the same common debtor. The appellee’s judgment is sought to be impeached upon the ground that the bond upon which it is founded was signed by the debtor merely as surety, upon a condition which was never complied with; and this was well known to the appellee at the time he received the bond. If this be a valid defence, it ought to have been made in the action at law upon the bond. The evidence shows that Naylor, the debtor, was not only served with process, but he was apprized of the pendency of the action, and had the fullest opportunity of defending it. No rule of law is better settled than that a court of equity will not relieve against a judgment on the ground of its being contrary to equity unless the defendant was ignorant of the ground of defence, or was prevented from availing himself of it by fraud or accident, unmixed with fault or negligence on his part. Richmond Enq. Co. v. Robinson at als., 24 Gratt. 548.
The learned counsel for the appellant does not seriously maintain that the judgment debtor can be heard in a court of equity to assail the judgment upon any of the grounds suggested ; but he claims that the appellant, who is a creditor having a lien on the same property, stands upon higher ground, and that he ought not to be precluded by the neglect of his debtor from showing that the appellee’s judgment was unjustly recovered.
The appellant, in seeking to subject the property of his debtor to the payment of the amount due him, must of course do so in subordination to all valid liens thereon created by act of the debtor himself, or acquired by opera *258 tion of law. In the absence of fraud or collusion, a iudg- . ’ J & ment for money conclusively establishes the relation or and creditor; not only as respects the parties themseiveSj hut all other persons. It is not meant to assert there may not be cases in which the act of the debtor in confessing judgment, or in permitting it to go by default, for what he plainly does not owe, may not amount to such gross negligence as would be of itself conclusive of fraud, and entitle a creditor to relief against the judgment. The rule is, however, settled that unless there is good reason to impute fraud or collusion, a judgment is’conclusive of the •existence and amount of the debt, and cannot be impeached •collaterally either by parties or strangers. Bigelow on Estoppel, 81-2; Freeman on Judgments, §§163-512; Christmas v. Russell, 5 Wall. U. S. R. 290; Mattingby v. Nye, 8 Wall. U. S. R. 370; Stovall v. Banks, 10 Wall. U. S. R. 583; Johnston v. Gill, 27 Gratt. 587, 596-7.
Applying these principles to the case before us, there is no sort of difficulty as to the result.
There is no evidence in the record even fending to convict the appellee of fraud or collusion in obtaining the judgment and the bond upon which it is founded. No such charge is set forth in the pleadings. The testimony ■offered to show that the bond was delivered as an esorow is met by opposing testimony equally satisfactory. It appears also that Naylor, the debtor, instructed the appellee to institute suit on the bond; that suit was accordingly brought, and process duly served upon all the sureties; that Naylor, after the judgment, actually paid a part of the interest and costs without objection. The idea cannot for a moment be entertained that upon such a state of facts a court of equity can interpose and give final relief against a judgment, or even award a new trial of the action at law. If it be conceded that a judgment may be invalidated at the instance of a creditor upon the ground *259 that no debt is due. the testimony ought to be of the most ,, satisfactory character and decisive of the result upon a future trial. Nothing of the kind appears in the case.
Upou the merits, therefore, the decree of the circuit court is plainly right. It is, however, erroneous in decreeing against the property of only one of the sureties. All three of these were made parties to the bill, and no satisfactory reason is given for the failure to decree against each his due proportion of the appellee’s judgment. The learned counsel for the appellee says this point was not made in the court below. This is a mistake of the learned counsel. The assertion was made both in the answer of the appellant, and in the exception to the commissioner’s report; and on both occasions it was insisted that the other sureties had property, and ought to be proceeded against for their share of the debt. But even though the objection had not been formally made, it was the appellee’s duty to take his decree against all the sureties, or give some satisfactory reason for his omission. It is claimed that Miller, one of the sureties, has already paid his portion, and that Jennings, .the other surety, is insolvent. In the first place, it is not clearly shown that he is insolvent; he may have had real estate upon which the judgment still constitutes a lien. But if Jennings is insolvent, as asserted, then it is apparent that Miller has not paid all that he is liable to pay. Instead of one-third, his portion would be one-half the judgment; and it is not pretended he has paid that amount. The principles decided by this court in Horton et als. v. Bond, 28 Gratt. 815, 826, and in all that class of cases, leave no room for doubt as to the proper course to be pursued here.
In that case this court held (Judge Burks delivering the opinion), that the circuit court ought to have ordered* a sale of the lands of each of the sureties, or so much thereof as might be necessary to pay his proportionate *260 Par^ the judgment; and if either should make default in the payment of his part, and his lands when sold should insufficient to pay such part, the land of the others would be subjected proportionately for the part unpaid, and so on proportionately, upon further default of any party, until the lands of all have been sold, if the sale of all be necessary for the satisfaction of said judgment.
The principle being that all the sureties being before the court, the entire burden should not be thrown upon one of them; but each should be required to bear his just share of the debt. If one or more should be insolvent the others must contribute proportionately.
So much of the decree of the circuit court as is in conflict with the said opinion is therefore reversed; and the cause remanded to that court, to be proceeded with in conformity with the views herein expressed.
The decree was as follows:
This day came again the parties, by their counsel, and the court, having maturely considered the transcript of the record of the decree aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that there is no error in the decree of the circuit court refusing to set aside and vacate the judgment recovered by the appellee, Allen, against Samuel C. Naylor, S. B. Jennings and William S. Miller, sureties of J. H. Conrad, at the August term of the county court of Rockingham, 1866. The court is further of opinion that the said circuit court did' err in subjecting the property of said Samuel C. Naylor to the satisfaction of the appel- . lee’s judgment without first ascertaining how much of said judgment is properly charged thereon, and without also ascertaining whether there is any estate of the other sureties, S'. B. Jennings and William S. Miller, subject to the lien of said judgment and properly chargeable therewith; *261 the principle being that the entire burden of the debt should not be thrown upon one of the sureties, but each should be required to bear his just share of the same.
It is therefore decreed and ordered that so much of said decree as is in conflict with this decree be reversed and annulled, and in all other respects affirmed, and that the appellee, William Allen, do pay to the appellant his costs by him expended in the prosecution of his appeal and supersedeas here. It is further decreed and ordered that the cause be remanded to the said circuit court to be there proceeded with in conformity with the opinion of this court in Horton and als. v. Bond, 28 Gratt. 815, 826.
Which is ordered to be certified to the said circuit court of Rockingham county.
Decree reversed.