# Richmond.

## HALL v. JAMES AND ALS.

### December 17.

### Absent, *Moncure*, P.

J recovers a personal decree against C, sheriff, and as such administrator of L, and issues execution on this decree, which is returned *nulla bona*. On the execution is endorsed several claims by different parties for fees, all but one of which J contests.    H, one of the ten sureties of C in his lifetime, with his wife, conveys a tract of land to his son.    J files a bill against the administrator of H and the wife and son of H to set aside said deed as fraudulent and to subject the land to the payment of his debt.    The defendants demur to the bill; but the court overrules the demurrer, and gives them leave to answer.    And the son appeals. HELD :

1. The bill is a creditor's bill, and it was not necesary to make the persons claiming an interst in the debt of J parties in the suit, as they may come in and set up their claim in the progress of the cause.

2. It was unnecssary to make the heirs of H parties in the cause, as the deed, if fraudulent as to creditors, is valid between the parties, and the heirs therefore can have no interest in the question.

3. H being but one of ten sureties of C, it would be error to subject the land to the payment of the debt of J, until all the sureties of C are brought before the court, and the debt apportioned among them according to the principles settled in the cause of *Horton* v. *Bond*, 28 Gratt. 815.

4. But these sureties are not necessary parties as to the question on the deed; and when that is decided they may be brought in as parties.    This court will therefore affirm the decree, with directions to bring in these sureties before the land is decreed to be sold.

This was a suit in equity in the circuit court of Pittsylvania county by John C. James against the administrator of William H. Hall, Eliza P. Hall, and John H. Hall, to subject a tract of land which had been conveyed by William H. Hall, and Eliza P., his wife, to their son John H. Hall, to satisfy a decree which the plaintiff had recovered against James H. Collie, sheriff of Pittsylvania county, and as such administrator of Stephen Law, deceased. The bill charged that William H. Hall was one of ten sureties of Collie, all of whom are named in the bill, and the deed was fraudulent and intended to hinder, delay and defraud the creditors of William H. Hall. The defendants demurred to the bill; and on the 22d of February, 1877, the cause came on to be heard, when the court overruled the demurrer, and leave was granted to the defendants to answer over. And thereupon John H. Hall applied to a judge of this court for an appeal; which was awarded. The case is stated in the opinion of Judge *Anderson.*

*T. N. Page* and *E. Barksdale, Jr.,* for the appellant.

*William M. Tredway,* for the appellees.

ANDERSON, J., delivered the opinion of the court.

John C. James obtained a decree against James C. Collie, late sheriff of Pittsylvania county, and as such administrator of Stephen Law, deceased, in the circuit court of Pittsylvania county, on the 17th of September, 1875, which directed the said Collie, out of a fund in his hands of $948.80 due the estate of the said Stephen Law, to pay to the said John C. James the sum of $839.95; and an execution issued on said decree against said Collie, which was returned "no effects."

Hall v. James and als.

On the execution was claimed by endorsement $560 by Chis. E. Dabney, $100 by Chiswell Dabney and J. D. Coles, and $100 by R. S. Baldwin, all claimed as liens on the executions for fees. And all were excepted to by the counsel of James except the $100 claimed by Chiswell Dabney and J. D. Coles.

William H. Hall was one of the sureties of the said James H. Collie, in his official bond as sheriff of Pittsylvania county, to whom the estate of Stephen Law had been committed for administration, and against whom there had been the decree aforesaid. And John C. James, for him and all other creditors of William H. Hall, deceased, who will contribute to the costs of the suit, brought this suit in equity against William J. Overby, administrator of William H. Hall, then deceased, Eliza P. Hall and John H. Hall, the object of which suit was to set aside a deed which William H. Hall and Eliza P. Hall his wife had made to their son, John H. Hall, for 356 acres of land in the county of Pittsylvania, as fraudulent and made to delay and hinder creditors, and to subject the land to the satisfaction of his decree, which, subject to sundry credits specified, the bill allows is still in force. The bill sets out more fully the facts of the case, and the breach by Collie of his official bond, and the liability of Hall as one of Collie's ten sureties, who are named in the said bill, but neither of whom, except Hall, is made a party to the suit.

The defendants demurred to the bill as insufficient in law, and the plaintiff joined in the demurrer. And the cause coming on to be heard on the 22d of February, 1877, on the bill and exhibits, and the demurrer and joinder therein, the court decreed that the demurrer be overruled, and that the defendants have leave to answer over from which decree this appeal was allowed.

It is contended that the demurrer ought to have been

sustained for the want of necessary parties. If that appears on the face of the bill, it is good ground of demurrer.

The court is of opinion that the claimants of fees endorsed upon the execution were not necessary parties *pro forma*. The bill is a creditor's bill, and plaintiff cannot have a decree for his debt until an account is ordered and taken of all debts against William H. Hall's estate. If attorneys are entitled to any part of plaintiff's execution by virtue of endorsements thereon, they can as creditors prove their claims before the commissioner when the account to be ordered is taken.

The court is also of opinion that the heirs of William H. Hall have no interest in the controversy about the land, and were not necessary or proper parties. The deed though fraudulent is good between the parties, and binds the heirs. They are in privity and could never set up the fraud to avoid it. If the land brings more money than is required to pay the debts of William H. Hall, the excess goes to the purchaser, not to William Hall's heirs or personal representatives.

The court is further of opinion that the co-sureties of William H. Hall should be parties before his land can be taken to pay complainant's debt. His representatives have right to contribution from his co-securities in the payment of the debt. Each surety is equitably bound for his proportion of the debt; and it is not just that one should be required to pay the whole in the first instance, and then to seek contribution from the others. All ought to be convened at the same time, and the debt apportioned amongst them, according to the principles declared in *Horton* v. *Bond*, 28 Gratt. 815, and other cases decided by this court. But this may be done in the progress of the cause after the contest is over in regard to the alleged deed from William

Hall v. James and als.

H. Hall to his son, in which contest the interest of the co-sureties is the same as the complainants.

The court is of opinion therefore to affirm the decree, of the circuit court with costs, and to remand the cause for further proceedings to be had therein, in conformity with this opinion, in order to a final decree.

DECREE AFFIRMED.