# Richmond.

MUSE v. FRIEDENWALD.

January 25th, 1883.

1. JUDICIAL SALES—*Rents and Profits.*—Before sale of realty can be decreed to pay judgment liens, the court must, in some way, be convinced that the rents and profits will not in five years satisfy those liens. When the insufficiency is alleged and not denied, there need be no enquiry; but where not alleged, or if alleged, the allegation is denied, there must be enquiry before a sale can be decreed. *Ewart* v. *Saunders*, 25 Grattan, 203, and *Horton* v. *Bond*, 28 Grattan, 815, approved.

2. PRINCIPAL—*Surety.*—It is well settled that a court of equity will not sell the realty of a surety until that of the principal has been exhausted.

3. TENANCY BY THE CURTESY.—To create such estate three things must concur. (1). Actual seizin in fee of real estate in the wife; (2). Marriage and the birth of a child alive; (3). The death of the wife.

4. CASE AT BAR.—Creditor's bill of W. & Co., and other judgment creditors of J. O. and G. O., deceased, principals, and M. surety. J. O.'s estate was insolvent. G. O.'s realty was not only not exhausted, but was not fully ascertained. To M.'s wife for her life a tract of land had been devised. It did not appear that a child had been born alive of their marriage, or that she had actual seizin of the land, or that she was then living or dead. There was no allegation that the rents and profits of M.'s interest in the land were insufficient to satisfy the judgments within five years, and there was no enquiry. Yet, court below decreed sale of M.'s interest to pay those judgments. On appeal here—

HELD:

    1. The decree was premature and erroneous.

    2. An account of rents and profits preëssential to decree of sale.

    3. The realty of G. O. must be exhausted before M.'s can be touched.

    4. On the facts M. had no curtesy in the land. But if the wife be living and made a party, by proper proceedings M.'s interest in her lands during their joint lives may be subjected.

Appeal from decree rendered 11th February, 1878, by the circuit court of Pittsylvania county, in chancery cause, wherein Weisenfield & Co., and other lien creditors of the estates of Joab Oaks and George W. Oaks against the representatives of those decedents, and their surety, H. L. Muse. Account taken shewed liens amounting to $1,119.15, with interest and costs— the estate of Joab insolvent—the estate of George to consist of one undivided fourth part of certain lands subject to the payment of his father's unascertained debts; and H. L. Muse as the owner of a life estate in five hundred acres of land, devised to his wife *for her life,* by her father. She was no party to the suit. The record shows not that she was alive, or had had a child born alive of the marriage, or had had actual seizin of the land. The bill alleged not that the rents and profits— whereof no account was had—would not within five years satisfy the liens. The circuit court decreed the sale of Muse's interest (in its decree alleged to be a tenancy by the curtesy). From this decree H. L. Muse appealed to this court. The remaining facts are stated in the opinion.

*Johnston, Williams & Boulware,* for the appellant.

*Tredway & Scruggs,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

In June, 1876, Joseph Friedenwald, surviving partner of himself and Moses Weisenfield, theretofore partners under the style of Weisenfield & Co., filed his bill in the circuit court of Pittsylvania county, as well for himself as all other lien creditors of Joab Oaks and George W. Oaks' estates, and several others, formal parties, who need not be here named.

The object of this suit was to enforce the lien of certain judgments in favor of the appellee against Joab Oaks and the appellant, H. L. Muse, and certain other judgments in favor of

same against G. W. Oaks & Co. The bill alleges that these judgments, amounting to some $1,119.15, with interest and costs on subsisting liens upon the real estate, or interest in lands owned by said Joab Oaks, George W. Oaks and H. L. Muse, at the date of said judgments, or acquired by them thereafter. The bill further alleges that said Joab Oaks has been dead for several years; that his personal estate is unavailable because of the utter insolvency of his administrator and the sureties in the administration bond; that said Joab Oaks was seized and possessed at his death of an interest in remainder, subject to the life-estate of Betsy Oaks, in thirty acres of land near Museville in said county, and a like interest in seventy-five acres also near Museville, on which Elizabeth Oaks resided, and a certain other interest in land which had been subjected to satisfy other creditors, and therefore not necessary to be further here noticed.

And the bill aforesaid further alleges that George W. Oaks died intestate; that his estate was committed for administration to the sheriff of Pittsylvania county; that he died seized and possessed of an undivided interest in valuable lands held by his mother in her lifetime under the wills of Moses Kirby and Nathaniel Kirby. It appears that the last named interest had been disposed of by judicial sale in another suit for the purpose of distribution among the parties entitled thereto; and the appellee claiming that his said judgments were liens on said interest, made the heirs of said George W. Oaks parties defendant to his said bill, and asked that said interest when collected and ready for distribution be subjected to said judgments.

There is but one other feature of the bill of the complainant, the appellee here, which need be noticed. It is the allegation that H. L. Muse, who is alleged to be living, and a non-resident, is tenant by the curtesy of a tract of land containing five hundred acres, derived through his wife under the will of her father; which will, or a copy thereof, is exhibited with said bill.

This allegation of the bill is not, it is true, very clearly made; but in the decree appealed from of the 11th day of February, 1878, the judge, rendering the same, treated the said H. L. Muse as tenant by the curtesy, and as such entitled to a life estate in said five hundred acre tract of land, "it being," in the language of said decree, "a tract of land devised by the father of said Muse's wife to her."

In the progress of the cause in the court below an account was ordered and taken, which shows unsatisfied judgment liens amounting to $1,119.15; real estate belonging to the estate of Joab Oaks, estimated by the commissioner at $610.95, and real estate of George W. Oaks unascertained, except a statement by the commissioner who took the account, that the latter owed a one-fourteenth undivided interest in the estate of his father, subject to the payment of his father's debts; but there is no ascertainment of those debts, or of that estate, and consequently no ascertainment of the value of that one-fourteenth interest; and whilst there was an exhaustion of the estate of Joab Oaks, there was no exhaustion of the estate, whatever it might be in amount, of the other principal—George W. Oaks.

Nor has there been any ascertainment of the real estate of the appellant, who was a surety, nor of the liens thereon. Yet, the court below, in order to satisfy the balance of the judgments of the appellee against the Oaks's as principals and H. L. Muse as their surety, decreed the sale of the interest of the *supposed* tenant by the curtesy in the five hundred acres of land, which had been devised to his wife *for life only*.

Of the errors assigned by the appellant, we will notice the fifth and last one first. It is, substantially and briefly, that if the interest of appellant in said five hundred acres of land was liable, there being no allegation in the bill to the contrary, no sale should have been ordered until it had been ascertained that the rents and profits would not satisfy the balance due in five years. That any court, before decreeing the sale of real estate,

should be satisfied that the rents and profits, for five years, will not discharge the lien, is manifest.    See section 9, chapter 182, Code 1873.

In delivering the opinion of this court in the case of *Ewart* against *Saunders*, 25th Grat. 203, Judge Bouldin said: "The statute prescribes no particular mode by which it shall be made to appear that the rents and profits will not pay the judgment in five years.    When there is a doubt about the fact, or an inquiry is demanded by either of the parties, the court will generally direct one of its commissioners to ascertain and report the annual rents and profits of the land.    But this is not a necessity in every case.    If none of the parties ask such an inquiry, there may, in a proper case, be a decree for the sale of the property without it."    In that case, while the bill alleged that the rents and profits of the land would not pay the judgment in five years, this allegation was not responded to in the answer of the defendant.    The only defense set up in the answer was, that the debt was paid, and whether or not it was paid, was the whole matter of contention in the court below.

In the case of *Horton & als.* v. *Bond*, 28 Grat. 815, the question as to the sufficiency of the rents and profits to discharge the lien within the statutory period, was put directly in issue by the bill and the answers of two of the defendants, and it thus became necessary that the fact should be ascertained in some way consistent with the requirement of the statute.    Judge Burks, in delivering the opinion in that case, said: "If this was the only error in this cause, the decree being interlocutory might, as held in *Ewart* v. *Saunders, supra,* be amended so as to secure an inquiry before sale, and as amended, be affirmed.    But this cannot be done, because the decree must be reversed for other errors herein after specified."

In the case now under consideration the bill is silent upon the subject.    The appellant was a non-resident and proceeded against as such ; he did not appear or answer the bill ; nor does it appear that he had any knowledge of the proceeding against

him until after the rendition of the decree complained of. It is sufficient, therefore, to say that, under the authority of the two cases just referred to, and numerous others, the decree in this particular is clearly erroneous. In the order pursued in the petition, the second error assigned is, that the tract of five hundred acres of land was devised by her father, to the wife of appellant, *for her life,* and at her death to her children, could not be made liable to the liens in question. By his will, which is part of the record in this case, the testator, among other things devised all his real estate to his wife, *for her life,* and then to his two daughters, to be equally divided among them, *for their lives,* with remainder to their children respectively. The will is in some respects singular and does not very clearly state the objects in view by the testator; but that he gave thereby his land to his two daughters, one of them being the wife of appellant, for life only, after the death of their mother, is too plain to admit of doubt.

The record in this case is very incomplete, and pregnant with error. It does not affirmatively appear therein that the wife of appellant is either living or dead. It does not appear that there was ever any actual seizin by the wife during coverture. It does not appear that there was any child born of the marriage. Without the concurrence of all these, with the fact of marriage to start with, there can be no tenancy by the curtesy. 2 Minor, 103, 107; *Porter* v. *Porter,* 27 Gratt. 599; *Carpenter* v. *Garrett,* 75 Va. R. 129. Moreover, there can be no tenancy by the curtesy except in a fee simple estate in land. There was no such estate here, and it is apparent that the decree in this particular is erroneous. In this case, in the event that the wife of appellant is living, there is an interest in the husband for the joint lives of himself and wife, which, in a proper proceeding for the purpose, may be subjected to the liens in question; but this could not be done until the realty of the principal debtors be exhausted. *Horton & als.* v. *Bond,* 28 Gratt. 825. Were it otherwise the surety, being entitled to be

subrogated to the lien of the judgment, would be remitted to his suit to enforce that lien against the realty of his principal, which would lead to multiplicty of suits contrary to the course of equity. See *Horton* v. *Bond*, before referred to, and cases there cited. Hence it was error to decree against the appellant before the exhaustion of the realty of Geo. W. Oaks.

The third and last assignment of error which will be considered is, that the wife of appellant was not made a party. As before stated, it does not actually appear that she is living; but in the petition it being claimed that she was a necessary party, the fair inference is, that she was living at the date of the decree appealed from. If so, she was a necessary party, and it was error in the court below to proceed to decree without her.

The court is therefore of opinion that the said decree of the circuit court of Pittsylvania is erroneous, and should be reversed and annulled, and that this cause be remanded to the said circuit court to be further proceeded in to a final decree in conformity with this opinion and the principles herein declared.

The decree was as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous in the following particulars:

1st. There being no allegation in the complainant's bill that the rents and profits of the land in question will not, in five years, pay the debts, it was error in the court below to proceed to decree a sale without first directing an enquiry on that subject. See section nine of chapter one hundred and eighty-two of the Code of 1873, *Ewart* against *Saunders*, 25 Grat. 203; *Horton and als.* against *Bond*, 28 Grat. 815.

2d. The decree of the court below is erroneous, because it appears by the will of the testator that his daughter, the wife of the appellant Muse, took only an estate for life in the land in

question, after the expiration of the estate for life of her mother, the widow of said testator; in which said life estate there could be no estate for life in the appellant as tenant by the curtesy, but only an estate in him for the joint lives of himself and wife, which might be subjected in a proper proceeding for that purpose, and, moreover, the bill failing to show that there were any children born by the marriage, or that there was any seisin during coverture by the appellant, or that the wife of the appellant was dead, which facts must concur to have entitled the appellant to an estate for life as tenant by the curtesy of the land in question. The decree was plainly erroneous in decreeing the sale of such life estate, which could not, under the circumstances, exist.

3d. The decree is erroneous, because whilst inferentially, the wife of the appellant is still living, and not made a party to the complainant's bill below, she being a necessary party thereto.

Therefore it is considered that the decree aforesaid be reversed and annulled, and that the appellees, the (plaintiffs in the court below) pay to the appellant his costs by him expended in prosecuting his said appeal and supersedeas here.

And this cause is remanded to the said circuit court for further proceedings to be had therein in accordance with the opinions herein expressed.

Which is ordered to be certified to the said circuit court.

DECREE REVERSED.