## Beckham & al.

### v.

### Duncan & al.

*(Supreme Court of Appeals of Virginia, June 13, 1889.)*

[9 S. E. Rep. 1002.]

**Decedent's Estate—Sale to Pay Debt—Order of Sale—Case at Bar.**

Though a decree for the sale of land to pay judgments against a deceased owner decides him to have been a joint tenant, and awards a share of the proceeds when sale shall be made to certain defendants as his co-tenants, when in fact the debtor was seised in severalty, it is nevertheless prejudicial to defendants to whom the debtor has devised the land if it directs a sale without first exhausting the other assets.

**Equity Practice—Principal and Surety—Judgment against—Order of Liability.**

While it is a general rule that creditors are under no obligation to first exhaust the estate of a principal debtor before proceeding against that of a surety, when the principal is one of the devisees of the surety's land, and a defendant to a bill to subject it to a judgment against both, equity will direct the principal's estate first applied to the judgment before permitting the sale of the surety's land.

**Same—Co-Sureties—Apportionment of Judgment.**

The co-sureties of the deceased judgment debtor being also parties to the bill, the decree should provide for the apportionment of the judgment among them, after first exhausting the principal's estate, and the sale only of enough of the land of each to pay his part, unless the land of some one or more should prove insufficient, in which case the lands of the others should bear the deficiency equally.

**Same—Administration Accounts.**

Before a sale is decreed under such circumstances, the administration accounts should first be settled.

**Judgments—Executor of Co-Obligee—Parties.**

The executor of a co-obligee of the judgment plaintiffs, who died pending the action on the bond for the breach of which the judgment was recovered, is not a necessary party to such a bill.

On rehearing.    For statement of facts, see former opinion, 5 S. E. Rep. 690.

*J. C. Gibson,* for appellants.

*G. D. Gray* and *A. McD. Green,* for appellees.

Lewis, P., delivered the opinion of the court.

This case is before us on a rehearing.    The facts of the case are quite fully set out in the opinion of the court delivered at the first hearing, and which may be found in 5 S. E. Rep. 690.    In the petition for appeal there are a number of assignments of error, but the court being of opinion, for reasons stated in its opinion, that there were no errors in the record to the prejudice of the appellants, affirmed the decrees complained of.    The case was submitted on the record and the petition for appeal, without argument, oral or printed.    The petition for rehearing is based upon several grounds, a careful consideration of which satisfies us that the conclusion reached on the first hearing, namely, that the appellants have not been prejudiced by the decrees of the circuit court, is not sustained by the record, which is certainly very meager and imperfect as it comes to us, and from which it is extremely difficult, if not impossible, to ascertain the rights of the parties with anything like absolute certainty.

There is no doubt that the point made by the appellants as to the interest of the late Coleman C. Beckham in the tract of land called "Ashland" is a good one ; that is to say, according to the doctrine of Thornton v. Thornton, 3 Rand. (Va.) 179, decided in 1825, he became, at the death of his

wife, the sole owner in fee simple of the whole tract, and hence the children and heirs at law of his deceased wife took no interest therein whatever. The appellants are devisees under the will of the said Coleman C. Beckham, he having devised to them a certain designated portion of the Ashland farm, including the mansion-house and other buildings. And this land they are entitled to hold, if partition of the farm be practicable, until all the other estate of which the said Coleman C. Beckham died seized or possessed has been exhausted in the payment of his debts. The circuit court, however, apparently ignored the will, and directed a partition of the land to be made between the estate of the said Coleman C. Beckham and the heirs at law of his deceased wife. This was erroneous.

An account ought also to have been taken of the personal assets in the hands of the personal representative of the said Coleman C. Beckham, which does not appear from the record to have been done. The appellants have also the right to require the property of W. A. Beckham, for whom the said Coleman C. Beckham was surety, to be exhausted before the land devised to them is sold or taken to pay the debts asserted in this suit. And the judgment for the satisfaction of which the original bill was filed ought to be apportioned equally among the sureties of whom the said Coleman C. Beckham was one, and who were also made defendants to the bill, or such portion thereof as cannot be made out of the estate of the principal debtor, Charles Short; and, as was held in Horton v. Bond, 28 Gratt. 815, "if either should make default in the payment of his part, and his lands when sold should prove insufficient to pay such part, the lands of the others should be subjected proportionately for such part unpaid, and so on proportionately upon further default of any party occurring, until the lands of all be sold, if the sale of all be necessary to the complete satisfaction of the judgment." It follows from what has been said that

the demurrers to the amended and supplemental bills ought to have been sustained, with costs to the appellants, but the original bill should not, on that account, have been dismissed, as, under its allegations, the plaintiffs are entitled to subject the whole of the Ashland tract, if necessary, to the satisfaction of their judgment. The decrees complained of will therefore be reversed, in so far as they are in conflict with this opinion, and the cause will be remanded to the circuit court of Culpeper county, with directions to cause the interest of the appellants in the Ashland tract of land to be set apart to them, if that be practicable, and, in any event, not to direct its sale, unless a sale thereof be necessary after all the other estate of which Coleman C. Beckham died seised or possessed shall have been subjected to the payment of the debts proven against him or his estate in this suit. As to the remaining points made in the petition for a rehearing, and not noticed in this opinion, the court adheres to its former opinion. There are no particular circumstances disclosed by the record which take the case out of the operation of the general rule that the creditor is under no obligation to look to the principal debtor or to his property, or to exhaust his remedies against the latter before resorting to the surety, any further than has been already indicated in respect to proceeding against the defendants Charles Short and William A. Beckman, who are before the court.