## Case No. 4,185.

### DUPONTI et ux. v. MUSSY et al.

[4 Wash. C. C. 128.][1]

Circuit Court, D. Pennsylvania. April Term, 1821.

C. J. Ingersoll, for plaintiffs.
Mr. Brown, for defendants.

WASHINGTON, Circuit Justice. Special replications are quite out of use, and have long been so. If the plaintiff discovers from the answers, that it will be necessary for him to set forth new matter, in order to oblige the defendants to answer it, and to afford himself an opportunity of proving such new matter, the practice is to apply to the court for leave to amend the bill. Nevertheless, if the replication contains the essential qualities of a general replication, being a denial of such parts of the answer as are not intended to be admitted, and also new matter; the court will consider such new matter as mere surplusage, if the parties go on to a hearing; in which case, the plaintiff will lose the benefit of it, although it should be supported by proof. If it be material to the plaintiff, he should move to amend his bill, and to state it therein. In this case, the replication does not deny some material allegations in the answer, and consequently if the plaintiff insists upon the hearing in the present state of the pleadings, the court will consider those allegations as admitted, which must be fatal to the plaintiff's case. I should, therefore, advise the plaintiff to withdraw this replication, and either to file a general replication, or to ask leave to amend his bill.

The plaintiff adopted this advice. and the cause was continued.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]