# CHARLESTOWN.

SHENANDOAH VALLEY NATIONAL BANK *v.* BATES *et als.*

Submitted August 3, 1882—Decided August 25, 1882.

*(GREEN, JUDGE, Absent.)

1. A., a judgment creditor, suing on behalf of himself and all other judgment creditors of C. D. E. and the estate of B. against the said C. D. E. and the administrator of B., defendants, files his bill, in which he avers, that his judgment is founded on a note drawn by B. and endorsed successively by C. D. and E.; that a creditors' bill is pending in the same court against the administrator, widow and heirs of B. and also separate suits against C. and D. to subject the lands of said B. C. and D. to the payment of their respective debts; that said B. C. D. and E. each own lands in the county, against which it is believed there are judgment liens; and prays, that said liens and their respective priorities be ascertained and said lands sold to pay said liens. The defendants demurred to said bill as follows:

"First—It improperly seeks to charge the lands of said B. C. D. and E. with the payment of all the judgment-liens against all or any of said parties, and yet none of the parties having such liens are made parties to the bill.

*Counsel below.

"Second—It is multifarious, because the plaintiff's judgment is joint against all the defendants, and he improperly unites all the creditors having several judgments against any of said defendants severally.

"Third—The heirs of said B. deceased are not made parties.

"Fourth—It shows, that creditors' bills are now pending against the defendants C. and D. and the heirs of B. having the same object that this suit has."   HELD :

  I. Under the rule announced by this Court in *Neely* v. *Jones*, 16 W. Va. 625, it appearing that judgments against the defendants were of record in the county, where the defendants' lands lie, the first ground of demurrer should have been sustained by the court. (p. 216).

  II. The bill is not multifarious.  (p. 217.)

  III. The creditors' bill pending in the same court against the heirs of B. can be heard with this cause, and thus the necessity of making said heirs parties to this suit may be obviated.   (p. 218.)

  IV. The defendant, E., against whom and whose lands the plaintiff has a right to proceed for the payment of his judgment against him, not being a party to any of the three creditors' suits then pending, the pendency of said suits does not prevent the plaintiff from bringing this suit.  (p. 219.)

2. Upon a bill by a judgment creditor to subject the lands of his debtors to satisfy a judgment obtained against them as the maker and endorsers of a note, whose liabilities *inter sese* are successive, it is error to decree a sale of the lands of the last endorser before resorting to the lands of the maker and prior endorsers of such note, unless to require the plaintiff to exhaust the estates of those debtors, whose liability is prior to the last endorser, will in the opinion of the Court unduly delay the plaintiff in the collection of his debt.  (p. 222.)

Appeal from and *supersedeas* to two decrees of the circuit court of the county of Jefferson, rendered respectively on the 18th day of November, 1875, and on the 26th day of April, 1876, in a cause in said court then pending, wherein the Shenandoah Valley National Bank was plaintiff and Solomon A. Bates and others were defendants, allowed upon the petition of said Bates.

Hon. John Blair Hoge, judge of the third judicial circuit, rendered the decrees appealed from.

The facts of the case are fully stated in the opinion of the Court.

*McDonald & Beckwith* for appellants cited Story Eq. Pl. §§ 271, 271 a, 271 b, 272; 2 Rob. (old) Pr. 277, 278, 279; 11 W. Va. 238; 18 Gratt. 381; 26 Gratt. 291; 4 W. Va. 490; Code ch. 86 § 7; Story Eq. Pl. §§ 73, 74, 84; 3 W. Va. 143; 9 Gratt. 398; 28 Gratt. 655; 9 W. Va. 557: 10 W. Va. 206; 11 W. Va. 146; 12 W. Va., 113; 11 W. Va. 122; 8 W. Va. 210; 4 Rand. 74; 5 Conn. 87; 91 note b; 5 Paige 64; 5 Sim. (9 Eng. Chy.) 670; 1 Keene (8 Eng. Chy.) 189; 7 Sim. (8 Eng. Chy.) 253; 3 Sim. (6 Eng. Chy.) 466; 2 Sim. (2 Eng. Chy.) 332; 1 East. 226; 2 Ves. Jr. 486; *Id.* 323; 2 Sch. & Lef. 366; Story Eq. Pl. §§ 75, 76 a, 76 b; 3 W. Va. 143; 4 Rand. 451; Story Eq. Pl. § 287; 25 Gratt. 104 and cases cited on p. 106; 3 W. Va. 424; 6 Leigh 196; 6 Gratt. 44.

*Richard Parker* for appellee cited Story Eq. Pl. § 99 and note 2; 33 Gratt. 558; 9 Gratt. 398; 6 Johns. Chy. 151; *Id.* 157; Adams Eq. s. p. 312; 2 Rob. (old) Pr. 271, 272; *Id.* 277, 278; Calv. Part. in Eq. 235 (17 Law Lib. 136), Story Eq. Pl. §§ 162, 169; *Id.* § 271 a; *Id.* §§ 284, 286; *Id.* § 278 a; 1 Dan. Chy. Pr. (3d. Am. fr. 3d Eng. Ed.) 342 *et seq.*; 29 Gratt. 125; 3 How. 411, 412; 2 How. 642; 20 Gratt. 678; 7 Gratt. 292; 25 Gratt. 642; 2 Rob. (old) Pr. 347; 4 Rand. 553; 1 Gratt. 234; 28 Gratt. 825; 32 Gratt. 254; 2 Dan. Chy. Pr. 1584; 9 Gratt. 707; 26 Gratt. 549; 20 Gratt. 378; 2 Rob. (old) Pr. 58; 2 Dan. Chy. Pr. ch. 25 p. 1016 *et seq.*

SNYDER, JUDGE, announced the opinion of the Court:

This suit was instituted in the circuit court of Jefferson county, July 19, 1875, by the Shenandoah Valley National Bank of Winchester, suing on behalf of itself and all other judgment-lien creditors of the defendants against Solomon A. Bates, James W. Shirley, John G. Shirley, Solomon A. Bates administrator and Elizabeth S. Shirley administratrix of Walter Shirley, deceased. The bill avers, that the plaintiff was the holder for value of a note, of which the said Walter Shirley was the maker; and the defendants James W. Shirley, John G. Shirley and Solomon A. Bates were

endorse in the order given; that after the death of said Walter Shirley the plaintiff obtained two judgments on said note—one against the personal representatives of said Walter Shirley, and the other against the endorsers aforesaid jointly; that the defendant, James W. Shirley, is the owner of two hundred and thirty-seven and one-half acres of land, the defendant John G. Shirley of four hundred and ten acres, and the defendant Solomon A. Bates of one hundred and seventy-three and one-half acres—all lying in Jefferson county; that said lands seem to be free from incumbrances by deeds of trust, but it is believed there are judgments which are liens thereon; "that the said Walter Shirley died seized of certain real estate in said county, which is particularly described in a suit in this Court yet pending brought by Solomon A. Bates as administrator of Robert Florence against the personal representatives, widow and heirs of said Walter Shirley, deceased, in which the plaintiff's debt aforesaid is audited, but from the large indebtedness owing by the estate of said Walter Shirley, deceased, the said plaintiff can not expect that the judgment aforesaid recovered by it against his personal representatives can be realized therefrom in whole or in part; that the plaintiff has recently been informed that certain creditors of said John G. Shirley have obtained a decree of this Court against him and his estate, and that his property is not sufficient to pay the debts he owes; and if this be so, it will have the debt due to it audited in the said suit; that one Joshua F. C. Talbot filed a creditors' bill against said James W. Shirley and others including this plaintiff, and a decree was made therein on April 9, 1875, referring the cause to a commissioner to ascertain liens, &c." The bill prays, "that the debts, which are liens upon said real estate or any part thereof, and the respective priorities of such liens be ascertained and determined; that said real estate, or so much or such parts thereof as may be necessary, may be sold, and out of the money arising from such sale that the plaintiff and other creditors having liens on said real estate, who may come in and contribute to the expenses of this suit, be paid the amounts severally due them with interest and costs &c.;" and that the plaintiff may have other and general relief.

The defendants, before any decree was entered, demurred to the plaintiff's bill and assigned in writing four special grounds of demurrer, which will be noticed hereafter. None of the defendants answered; and on November 18, 1875, the court entered a decree, which, omitting the formal parts, is as follows:

"And it being made known to the court that the debt of the plaintiff, evidenced by the judgment mentioned in and made an exhibit with the bill, has been audited as against the estate of Walter Shirley, deceased, in the suit pending in this court between Florence's administrator, plaintiff, and Walter Shirley's personal representatives and others, defendants, and has also been audited against James W. Shirley in a suit pending in this court, in which Joshua F. C. Talbot is plaintiff and said James W. Shirley is defendant, and the plaintiff has presented its petition to have its said debt audited as against John G. Shirley in a suit pending in this court, in which Stoneburner & Richards, &c., are plaintiffs and said John G. Shirley is a defendant; and, whereas, the defendant, Solomon A. Bates, is a party defendant to said judgment, and the plaintiff is entitled to enforce the same against his real estate, it is now adjudged, ordered and decreed that the said demurrer be and the same is hereby overruled, and that this cause be referred to Cleon Moore, a commissioner of this court, with directions to take an account of all the debts which are liens on the real estate of the said defendant, Solomon A. Bates, in the order of their priorities, stating whether such liens are binding upon the whole of such real estate, or whether some of them are binding on a part only, and if so, upon what part; also to ascertain and state the total value of said real estate, and also its annual or rental value, and make report to the court in order to a further decree. Said commissioner shall give notice of the time and place of taking the accounts hereinbefore directed, by publication once a week for four successive weeks in the *Free Press*, a newspaper published in the county of Jefferson, and such publication shall be equivalent to personal service of such notice on the parties and every of them."

The commissioner, pursuant to said decree, made and re-

turned his report, in which he states the liens on the lands of the defendant, Solomon A. Bates as follows:

| | |
|---|---:|
| "Bank of Charlestown | \$ 908 22 |
| Bank of Charlestown | 373 14 |
| Bank of Charlestown | 1,445 70 |
| Shen. Val. Nat. Bank of Winchester | 1,739 52 |
| | \$4,566 58 " |

All of said liens are judgments recovered in the circuit court of Jefferson county, and their priorities are in the order in which the debts are stated.

The defendants excepted to said report (the exceptions will be hereinafter given); and the court by its decree of April 26, 1876, overruled said exception, and, without confirming the commissioner's report or otherwise fixing the amounts and priorities of the debts against the defendants, ordered the lands of the defendant, Solomon A. Bates, to be sold by commissioners therein appointed, to satisfy the liens audited against him in said report. No time is given by the decree for the debtor to redeem the lands by the payment of the debts before a sale; and no mention is made of the judgment referred to in the exception to the commissioner's report and affidavit filed therewith. The cause was brought to this Court by an appeal with *supersedeas* allowed on the petition of Solomon A. Bates and the personal representatives of Walter Shirley, deceased.

The first question is, whether or not the court properly overruled the demurrer to the bill. The first ground of demurrer assigned is, that the bill improperly seeks to charge the lands of the defendants, James W. Shirley, John G. Shirley and Solomon A. Bates, severally, and also the lands of Walter Shirley, deceased, with the payment of debts, which are liens on any of the said lands of any of said parties, and yet none of the parties having liens on the lands of any of said parties are formally made defendants in said bill.

It is settled by the decisions of this Court, that a creditor, who brings a suit against his debtor to enforce a judgment-lien, whether he brings such suit on behalf of himself and other lien-creditors or alone, should formally make defendants to his bill all creditors of such debtor, who have obtained judgments in the courts of record in the county or counties,

in which the lands sought to be subjected are situated, and also the creditors who have obtained judgments in any part of the State and have had them entered on the judgment-lien docket in such county or counties; and unless such judgment creditors are formally made defendants, or informally made such (by being called by publication before a court, under an order of reference, to file their judgment in such suit), and this is disclosed in any manner by the record, the Appellate Court will reverse any decree ordering the sale of lands or the distribution of the proceeds of such sale. But if all such creditors are made parties informally, then this Court will not reverse such decree merely because the record shows that some of them are not made formal parties, unless it appears that objection was made to the rendering of such decree in the court below before it was entered. *Neely* v. *Jones,* 16 W. Va. 625; *Norris, Caldwell & Co.* v. *Bean,* 17 *Id.* 655.

In the case at bar the record shows that the Bank of Charlestown had three different judgments against the defendant, Bates, all of them recovered in the circuit court of Jefferson county before the plaintiff's bill was filed and operating as liens on the real estate of said defendant. The demurrer made specific and direct objection to the bill because the judgment creditors of the defendants had not been made formal parties. This objection having been made before any decree was entered for the sale of the lands, the court should have sustained the demurrer and given the plaintiff leave to amend its bill by making such judgment creditors formal parties. The court, therefore, erred in overruling the defendants' demurrer.

The second ground of demurrer is, "that the plaintiff improperly sued on behalf of itself (it having a joint judgment against the defendants, James W. Shirley, John G. Shirley and Solomon A. Bates, and a several judgment against the personal representatives of Walter Shirley, deceased) and all creditors having several judgments against each of said parties severally, thus uniting claims which are different from the demand of the plaintiff in their character, and rendering the bill multifarious."

The plaintiff's bill shows, that the original debt of the

plaintiff was a note of which Walter Shirley was the maker and James W. Shirley, John G. Shirley and Solomon A. Bates were the endorsers, and that the liability of the said maker and endorsers is several and in the order the name of each is given; that upon this note the plaintiff obtained a several judgment against the personal representatives of the maker and a joint judgment against the three endorsers. While in a court of law the maker and all the endorsers, without regard to their relation among themselves, are each and all equally liable to the plaintiff for the whole debt, and it may resort to all or any one or more of them for satisfaction, yet when the plaintiff comes into a court of equity for relief, that court will, so far as it can be done without too great delay and without prejudice to the creditor, take notice of the relation which the debtors bear to each other and respect and enforce the equities between them. And the maker of the note, being primarily liable, his estate will be first subjected in exoneration of the endorsers, next the estate of the first endorser and so on until the debt is satisfied or the property of all the debtors is exhausted.

In this suit the defendant Bates whose property is sought to be subjected, being the last endorser and as between the debtors the last liable, the plaintiff can not according to the rules of equity reach his property until it has first exhausted, or at least made an effort to collect its debt out of the property of the maker and all the preceding endorsers. To do this it is absolutely essential that the representatives of the maker and all the preceding endorsers should be made parties to the suit. And having made all these co-debtors parties defendants, it necessarily follows that all the several creditors of these respective defendants, who have obtained judgments against any of them, must also be made parties in order that the liens against such defendant's lands may be ascertained and the priority of the plaintiff's judgment fixed as between the plaintiff and the other judgment creditors of their common debtor. *Horton* v. *Bond* 28 Gratt. 815.

In *Norris, Caldwell & Co.* v. *Bean, supra,* this Court decided that, in a suit to enforce a judgment lien, all the several plaintiffs as well as all the several defendants in all the judgments in courts of record in counties in which the lands

sought to be subjected lie, which have been rendered against the judgment debtor alone or the judgment debtor and other defendants jointly should be made parties. It is apparent, therefore, that all the defendants in the suit at bar are necessary parties, and the bill is not multifarious.

Since this suit was decided in the court below the Legislalature of this State has passed a statute which provides, that all persons having liens on the real estate sought to be subjected, by judgment or otherwise, shall be made parties, unless the number exceed ten, in which case provision is made for suing without making all such lienors formal parties. Acts of 1882 chap. 126 sec. 7. But as this case does not come within the provisions of said statute, the judgment creditors being less than ten, it is not necessary for us to consider the effect of said statute.

The third ground of demurrer is, that the heirs of Walter Shirley, deceased, whose lands are sought to be subjected in this suit, are not made parties to the bill.

It is averred in the bill, that there is a suit pending in the same court, in which this was brought against the personal representatives, widow and heirs of said Walter Shirley, deceased, to subject the real estate of which the said Shirley died seized to the payment of his debts, and that the plaintiff's debt has been audited in said suit. It is undoubtedly true that, before the lands of the decedent can be subjected to the payment of his debts, the heirs must be before the court. They are the legal owners of the real estate and have a right, and the law accords them the opportunity, to be heard before the lands can be taken. If, however, they can have the same opportunity to make defense and contest the validity of any claim asserted against such real estate without being made parties to any and all suits which may affect them or such estate, it seems to me the purpose and object of the law will be as well attained as if they had been made formal parties to all such suits. In the creditors' suit already pending the plaintiff here has filed and had audited its judgment and thereby became an informal party to said suit. The heirs are also parties to said suit, and they can there, if they have not already done so, contest the validity and justice of this plaintiff's judgment or debt, and fix its amount

and priority in all respects as fully and satisfactorily as could be done in this suit.    If the heirs are made parties here, they could make no other defense to this debt than they have made, or had an opportunity to make, in said creditors' suit, because they and this plaintiff being all parties to that suit and the amount and priority of said debt having been therein determined, the same is as to all other suits *res judicata*.    It seems to me, then, that, if the two suits are heard together, after they have been matured, and a decree entered upon such hearing, both said heirs and this plaintiff would be bound thereby, and no injustice could result to any of the parties.    This course is certainly more convenient in practice and less expensive than to have the same proceedings against the same parties carried on in two suits in the same court at the same time.    This mode of proceeding, we think, is justified by the rules of chancery practice in special cases where the facts are such as they are in this case.    The plaintiff's bill is not, therefore, defective because the heirs of said Walter Shirley were not made formal parties thereto.

The fourth ground of demurrer is, that the bill shows that creditors' bills are now pending against the defendants, James W. Shirley, John G. Shirley and the heirs of Walter Shirley, deceased, in any, or all of which, the plaintiff either has or may audit its judgment; and it has, therefore, no right to vex said defendants with another suit in which the same relief is sought against them.

The plaintiff's debt is against four parties, and suits were instituted and pending against three of them when this suit was brought.    To neither of said three suits is the plaintiff's co-judgment debtor, Solomon A. Bates, a party.    While the three debtors against whom said suits are pending, are each liable to the plaintiff for its debt, and it has the legal right to proceed against them, the defendant and co-debtor, Bates, is also liable and the plaintiff has the same legal right to proceed against and compel payment by him. Because the plaintiff has sought relief against its other joint debtors by auditing its judgment in said suits, its legal right to demand payment from said Bates has not been waived or prejudiced in any manner, except so far as the rules of equity control the relief, which in a court of equity is granted to

the plaintiff, by noticing and enforcing the equities *inter sese,* as we have seen, of the debtors, and placing, primarily and successively, the liability of each where it must ultimately fall among themselves according to the original contract. And, although in equity Bates, being the last endorser and as such the last to be made liable, still he is bound to the plaintiff for the whole debt as surety of the maker and preceding endorsers. It not appearing that Bates is a party to either of the three suits already brought, or that the plaintiff can subject his lands to its debts in either of them, consequently, to decide that the plaintiff cannot maintain this suit to subject said Bates' lands, is to decide that Bates, by reason of the pendency of said suits, cannot be sued at all, and that he is entirely relieved and discharged from all liability in equity on account of the said debt. This position cannot be maintained. But the defendant, Bates, being the last endorser and as such the last liable in equity, his property could not be reached in this suit without making the maker and prior endorsers parties, and the plaintiff's bill would have been demurrable if they had not been made parties. It follows, therefore, that it cannot be demurrable because they are made parties. Nor can the fact that suits are pending against said other parties in the same court prevent the plaintiff from bringing this suit to subject the property of the defendant Bates. This ground of demurrer cannot, then, be maintained.

Was it error to overrule the exception of the defendant, Solomon A. Bates, to the commissioner's report? The ground of said exception is, that the commissioner failed to audit the debt of the National Bank of Martinsburg evidenced by a judgment obtained by said bank against said Solomon A. Bates and others for one thousand three hundred and sixteen dollars and eleven cents, as appears by the affidavit of said Bates filed in the cause. The affidavit referred to was sworn to April 6, 1876, and states, that the commissioner has failed to audit a debt due by judgment in favor of the National Bank of Martinsburg against affiant and others for one thousand three hundred and sixteen dollars and eleven cents which was recovered August 20, 1873, and upon which nothing has been paid and is now a lien upon affiant's real estate.

Neither the exception, nor the affidavit states in what court said judgment was recorded, nor that it was entered on the judgment-lien docket in the county where the defendant, Bates' lands are situated. The judgment was not filed in the cause, nor does it appear that it had been presented to the commissioner or the court. Upon these facts alone we cannot say that the court erred in overruling the exception to the commissioner's report. It may have appeared to the court that the purpose of the exceptant was to delay the cause, as no effort is shown of any dilegence on the part of the exceptant or the judgment creditor to have said judgment audited by the commissioner. All the judgment creditors had been called by publication before the commissioner and they thereby became informal parties to the suit, and this exception is not such an objection as will authorize the court to reverse the cause under the rule laid down in *Neely* v. *Jones,* 16 W. Va. 626, clause 10 of syllabus.

It is insisted by the appellants, that it was error to decree a sale of the lands, because the amounts and priorities of the liens had not been definitely ascertained. If the fact is as assumed here by the appellants, then the decree of sale was premature and erroneous—*Marling* v. *Robrecht,* 13 W. Va. 440. The commissioner's report does ascertain the amounts and priorities of the liens, but the decree neither confirms the report, nor does it otherwise, except by inference, determine the amounts or priorities of the liens. The better practice is, that the court by its decree should in terms confirm the commissioner's report which fixes the amounts and priorities of the debts, or specifically set out the debts and their priorities in the decree. There should be no question or doubt in a matter of so much importance, and one which has so frequently been adverted to in this Court.

It is further insisted, that it was error to decree a sale of the lands without giving a day for the owner to redeem. This was a palpable error and one which has been repeatedly condemned by this Court. *Rose & Co.* v. *Brown,* 11 W. Va. 122; *Wiley* v. *Mahood,* 10 W. Va. 206; *Pecks* v. *Chambers,* 8 W. Va. 210.

It is also claimed, that it was error to decree a sale of the lands of the defendant, Bates, until it was ascertained that

the estates of those primarily liable for the debt of the plaintiff were insufficient to pay said debt.

The defendant, Bates, was the last endorser on the note, upon which the judgment here sought to be enforced was obtained, and as such he is in equity the last to be made liable. There are creditor's suits pending in the same court against the estates of the three debtors of the plaintiff, whose liabilities *inter sese* are prior to that of the defendant, Bates. Upon the principles and for the reasons hereinbefore stated, if decrees have not already been entered for the sale of the lands in said three suits and for the distribution of the proceeds thereof, this cause and the said causes, or any one or more of them which has not been finally heard, should be heard together, and a decree entered therein directing that the lands and estate of the principal debtor, Walter Shirley, should be first subjected, and if insufficient to satisfy the plaintiff's debt after satisfying all other debts, if any, having priority over said debt, then subject the lands of the first endorser and so on successively until all the debtors' lands have been sold or the debt is satisfied unless thereby the plaintiff is unduly delayed in the collection of its debt. *Mayo* v. *Tomkies,* 6 Munf. 520; *Horton* v. *Bond,* 28 Gratt. 815, 825. It was error, therefore, for the court to decree a sale of the lands of the defendant, Bates, until it had been ascertained what, if any part, of the plaintiff's debt had been, or could be, realized out of the lands or estates of the maker and prior endorsers on said debt in the suits then pending against said parties and in which the plaintiff's claim had been audited. *Gentry* v. *Allen,* 32 Gratt. 554.

It is therefore considered, that for the errors aforesaid the said decrees of November 18, 1875, and April 26, 1876, be and they are reversed; and the cause is remanded to the circuit court of Jefferson county to be proceeded with therein according to the principles and directions contained in this opinion and further according to the rules of equity; and that the appellants recover from the appellee, the Shenandoah Valley National Bank of Winchester their costs &c.

THE OTHER JUDGES CONCURRED.

DECREES REVERSED.     CAUSE REMANDED.