# WHEELING.

## JACKSON'S ADM'R v. HULL.

Submitted April 14, 1883—Decided April 28, 1883.

1. Since the disuse of special replications in equity practice, if a bill in equity shows on its face that the relief it prays for is barred by the lapse of time, advantage may be taken of such bar by demurrer as well as by plea.   (p. 610.)

2. Where a suit is brought by a lien-creditor against his debtor to subject the lands of the latter to the payment of his debt, and during the pendency of such suit another lien-creditor of such debtor, by leave of the court, files his petition in said suit and is made a party thereto, and process is ordered against the defendant to answer such petition, which is not issued at once but is subsequently issued and duly served on the defendant.   HELD :

   That in such case the statute of limitations ceases to run against the debt of such petitioner at the time he files his petition and not at the time, when the process to answer it is served on the defendant.   (p. 611.)

3. The eighth, ninth and eleventh points in the syllabus in Neely v. Jones, 16 W. Va. 626, and the second point in the syllabus in Norris, Caldwell & Co. v. Bean, 17 Id. 655, approved and applied.   (p. 614.)

Appeal from and supersedeas to a decree of the circuit court of the county of Wood, rendered on 8th day of April, 1880, in a cause in said court then pending, wherein Henry J. Jackson's administrator was plaintiff, and R. M. T. Hull was defendant, allowed upon the petition of said Hull.

Hon. James M. Jackson, judge of the fifth judicial circuit, rendered the decree appeal from.

SNYDER, JUDGE, furnishes the following statement of the case:

Lydia Jackson, administratrix of Henry J. Jackson, deceased, filed her bill in the clerk's office of the circuit court of Wood-county at April rules, 1875, against R. M. F. Hull to subject the real estate of the defendant to the payment of two judgments recovered by her against the defendant; that by an order entered, on the 10th January, 1876, the cause was referred to Commissioner Powell with directions to him to ascertain and report what real estate the defendant owned at the date of the plaintiff's judgments, what portion of said real estate he had since conveyed, when and to whom conveyed, the liens thereon with their amounts, character and priorities, and any other matters deemed pertinent by him or required by either party, and directing said commissioner, before executing said order to give notice to the defendant.

The said commissioner made and filed his report which was, by decree of January 8, 1877, confirmed without exception and the real estate of the defendant, therein described, decreed to be sold to pay the plaintiff's judgments and her costs. Subsequently, W. B. Caswell and S. M. Peterson, by leave of the court, filed their joint petition in said suit, in which they allege, that at the April term, 1867, of the circuit court of Wood county they obtained against the defendant, Hull, and one E. H. Hensley a decree for one thousand two hundred and seventy-one dollars, with interest on six hundred and thirty-five dollars and fifty cents part thereof from April 15, 1866, and on six hundred and thirty-five dollars and fifty cents, the residue thereof, from July 16, 1866, till paid and fifteen dollars and ninety-eight cents costs, and that said decree had been duly docketed upon the judgment-lien docket of said county on the 9th day of February, 1876, that no part of said decree had been paid, and that the same operated as a lien on the real estate of the defendant in the plaintiff's bill mentioned. The prayer is, that the petitioners may be made parties plaintiffs to said suit, that the said report of Commissioner Powell may be recommitted and

their said debt reported therein and paid according to its priority, &c.

The plaintiff having departed this life, the cause was, by an order of the court, revived in the name of B. P. Marshall as administrator *de bonis non* of the estate of said Henry J. Jackson and, by a decree entered on the 27th of September, 1877, after reciting therein that the court is of opinion that the petitioners, W. B. Caswell and S. M. Peterson, are entitled to the relief prayed for in their petition, the said report of Commissioner Powell was recommitted to him with instructions to amend the same by reporting the said debt of petitioners and all other liens upon the real estate of the defendant with their amounts and priorities, and, also, the real estate owned by the defendant at the dates of such respective liens, and any other pertinent matter, and directing the said commissioner before executing said order to give notice to the parties.

The said commissioner made his report, dated January 31, 1878, and filed the same, from which it appears, that the following debts were liens on said real estate:

1st. The two judgments in favor of the plaintiff, rendered July 7, 1866, and docketed January 8, 1869;

2d. A trust-deed to secure a debt due H. W. Buckley, recorded September 2, 1869;

3d. A trust-deed to secure a debt to the Parkersburg Mill Company, recorded July 20, 1874;

4th. The decree in favor of petitioners, W. B. Caswell and S. M. Peterson, docketed February 17, 1876;

5th. Judgments in favor of:

-1. Braiden, Ruth & Co., rendered at September term, 1867;

2. A. B. Clark & Bro., rendered October 31, 1870;

3. M. P. Amiss, rendered at the December term, 1875;

4. J. H. Haun & Co., rendered at the December term, 1876; and

5. Jenkins, Jackson & Co., rendered at December term, 1876.

The said report, also, contains a statement and description of all the real estate owned by the defendant at the time or since the date of the plaintiff's judgments, also the aliena-

tions of said real estate made by the defendant, the date of each and the names of the persons to whom alienated—the whole thereof having been conveyed by the defendant prior to the date of the report.   The facts in relation to said real estate and the alienations thereof by the defendant sufficiently appear from the recitals in the decree of April 8, 1880, hereinafter given, and it is therefore, deemed unnecessary to state them here.

The defendant excepted to said report:

*First*—Because, it is claimed, that the facts show that the debt of the petitioners, W. B. Caswell and S. M. Peterson, on which they obtained their decree of April 20, 1867, was paid prior to the date of said decree, and that said decree was, subsequent to said payment, obtained by fraud; and because the right to enforce the lien of said decree, even if it were otherwise valid, was barred by the statute of limitations at the time their petition was filed in this cause; and therefore, the commissioner has improperly reported said decree as a lien on the lands in the report mentioned or any part thereof;

*Second*—Because, the commissioner reports the trust-debt of H. W. Buckley as a lien on said real estate, the said debt having been satisfied by the acceptance of other security; and

*Third*—Because the said report allows the judgments of Braiden, Ruth. & Co., A. B. Clark & Bro., M. P. Amiss, J. H. Haun & Co. and Jenkins, Jackson & Co., as liens on the purchase-money due from T. C. and G. S. Hull for land conveyed to them by the defendant.

By decree of March 5, 1880, on the motion of defendant and by consent of the plaintiff the aforesaid decree of sale of January 8, 1877, was set aside, and the defendant demurred to and answered, respectively, the plaintiff's bill and the petition of W. B. Caswell and S. M. Peterson, to which respective answers the plaintiff and said petitioners replied generally.   No question being raised in this Court in respect to the matters set out in defendant's answer to the plaintiff's bill, any statement of said answer is omitted.   In his answer to the said petition the defendant avers, that the only foundation for the alleged decree, in said petition mentioned, was

two notes for six hundred and thirty-five dollars and fifty cents each, given by him and E. H. Hensley as partners to said W. B. Caswell, S. M. Peterson and E. H. Hensley as partners for property purchased by respondent and said Hensley from said last mentioned firm of which the said Hensley was also a partner and as such owning one third of the property so purchased and for which said notes were given; that said notes being the property of said partnership, the said Hensley, as a partner thereof, was entitled to one third of same, and accordingly, respondent, prior to the institution of the suit in which said pretended decree was obtained, paid said one third of the amount of said notes to said Hensley, and that, after the institution of said suit and before the hearing thereof, he had a settlement with said W. B. Caswell in which the residue of said two notes was settled and paid, that said Caswell then and there agreed to dismiss said suit, and respondent, relying upon said agreement, gave no attention to said suit, believing the same had been dismissed, and he never knew or suspected otherwise until the said petition was filed in this suit; that said debt is unjust and the said decree was procured by fraud and misrepresentation; that no execution had ever been sued out on said decree or demand made for its payment prior to the filing of said petition, and that, therefore, the right to enforce the payment thereof is barred by the statute of limitations.

Depositions were taken by said petitioners and the defendant to sustain the averments respectively of said petition and answer. And, on the 8th day of April, 1880, the following decree was entered, which I give in full for the reason that it contains the results of the report of Commissioner Powell and other facts necessary to an intelligent understanding of the matters complained of by the appellant, as succinctly stated as could otherwise be done:

"This cause came on this day to be heard upon the papers formerly read, and the orders and decrees heretofore made herein, the demurrer and answer of R. M. F. Hull to the plaintiff's bill, and general replication to said answer, the demurrer and answer of the said Hull to the petition filed in this cause by W. B. Caswell and S. M. Peterson, and the replication to said answer, the report and supplemental report

of Barna Powell one of the commissioners of this Court made and filed in this cause, and the exceptions of the said R. M. F. Hull thereto, and the demurrer to said bill and to said petition being argued by counsel, the court is of opinion that the said bill and said petition is each sufficient in law and doth overrule the demurrer both to said bill and said petition; and upon consideration of the exceptions to said commissioner's report, the court doth overrule the first exception, because the same is not well taken, and the court doth sustain the second and third exceptions to the said report, and the said report is in all things confirmed, except as to the lien reported in favor of H. W. Buckley, referred to in said second exception, which the court finds is not a lien upon the real estate as therein reported, and except as to the matters contained in the third exception, it appearing from said report that the creditors therein mentioned not having docketed their said judgments prior to the sale of said property to the said T. C. and G. S. Hull, have no lien upon the property to them conveyed, and therefore have no lien in this suit upon the funds in their hands as reported by the commissioner. And it appearing to the court from said report that at the date of the complainant's said judgments the defendant was the owner of the following real estate, viz:

"*First*—A lot of ground conveyed to the defendant by deed dated March 5, 1864, and fully described by Exhibit 'D' filed with complainant's bill.

*Second*—A lot conveyed to the defendant by D. E. Hutchinson and wife by deed dated August 16, 1864, and fully described in Exhibit 'E' filed with complainant's bill.

"*Third*—An undivided one half of a lot of land conveyed to the defendant by William Logan and wife by deed bearing date August 30, 1861, and March 26, 1872, which lot is fully described in said commissioner's report.

"*Fourth*—A certain other lot of land conveyed to the defendant by Wm. A. Tefft and wife by deed dated the 2d day of January, 1865, which lot is fully described in said commissioner's report.

"*Fifth*—A lot of land conveyed to said defendant by William S. Grant and wife by deed bearing date October 25, 1867, and fully described in said report.

"And it further appearing to the court from said report that since the rendition of the judgments in favor of complainant's intestate the said defendant has sold and conveyed divers portions of said real estate so owned by him by deeds of record in this county—that is to say:

"To Wm. B. Caswell, by deed dated April 1, 1867, and admitted to record April 2, 1867.

"To Julia Davis and G. F. Smith, by deed dated September 30, 1867, and admitted to record October 4, 1867.

"To John F. McCusick, by deed dated November 20, 1866, and admitted to record April 18, 1868.

"To S. B. Hull, by deed dated August 2, 1872, and admitted to record September 21, 1872.

"To E. D. J. Bond, by deed dated July 1, 1872, and admitted to record June 3, 1873.

"To A. G. Somerville, by deed dated August 1, 1873, and admitted to record August 1, 1873.

"To George W. Tally, by deed dated August 7, 1873, and admitted to record August 7, 1873.

"To David Shearer, by deed dated February 9, 1874, and admitted to record June 18, 1874.

"To John F. Bowen, by deed dated March 13, 1874, and admitted to record ———.

"To J. W. Hull, by deed dated September 1, 1874; and recorded November 6, 1874.

"To J. W. Kight, by deed dated April 1, 1875, and admitted to record August 12, 1875.

"To Thomas H. Dorsey, by deed dated July 1, 1872, and admitted to record December 29, 1875.

"To T. C. Hull and G. S. Hull, by deed dated June 15, 1876, and admitted to record June 17, 1876.

"All of said several lots so conveyed by the said defendant as aforesaid, are particularly described by the said commissioner's report. And it further appearing to the court that the complainant's two judgments were docketed upon the judgment-lien docket of said county of Wood, on the 8th day of January, 1869, and that the lien of said judgments had attached to the real estate of the said defendant above mentioned prior to the conveyance herein set forth, except the conveyances to Wm. B. Caswell, Julian Davis and G. F.

Smith and John F. McCusick, whose deeds appear to have been recorded prior to the docketing of said judgments, the court is of opinion that the complainant's two judgments constitute the first lien upon said real estate; that the deed of trust in favor of the Parkersburg Mill Company constitutes a lien second in order of priority on the parcel of real estate therein mentioned, to-wit: One half of the lot conveyed to the defendant by D. E. Hutchinson and wife; and that the decree of Wm. B. Caswell and S. M. Peterson against the defendant and E. H. Hensley constitutes a lien subject to the two above mentioned liens upon the real estate of the defendant hereinbefore set forth, except the following parcels thereof which appear to have been conveyed by deeds duly admitted to record prior to the docketing of said decree in the judgment-lien docket of said county, to-wit, the parcels conveyed to Wm. B. Caswell, Julian Davis and G. F. Smith, John F. McCusick, S. B. Hull, E. D. J. Bond, A. V. Summerville, Geo. W. Tally, David Shearer, John F. Bowen, J. W. Hull, J. W. Kight and Thomas H. Dorsey, all of which parcels are fully described in said report.

"It is therefore, adjudged, ordered and decreed that the said defendant do pay to the complainant the sum of two thousand five hundred and forty-two dollars and forty cents with interest thereon from the 3d day of February, 1865, until paid, subject to a credit of one thousand five hundred dollars as of the 29th of March, 1865, and eight dollars and sixty-nine cents costs at law, being the judgment (Exhibit 'A') as set out in complainant's bill, and the further sum of eight hundred and eighty-seven dollars and fifty cents, with interest thereon from the 17th day of June, 1864, subject to a credit of two hundred dollars paid January 7, 1865, and of five hundred dollars paid July 7, 1866, and eight dollars and seventy-nine cents, costs at law, being judgment (Ehibit 'B') as set out in complainant's bill, together with the costs of this suit, and that the said defendant do pay to the Parkersburg Mill Company the sum of five hundred dollars, with interest thereon from the 12th day of December, 1874, subject to a credit of two hundred and ninety-three dollars and ninety-six cents as of July 1, 1875, and the further credit of four dollars and twenty-five cents as of

the 31st of October, 1877; and that said defendant do pay
to W. B. Caswell and S. M. Peterson the sum of one thou-
sand two hundred and seventy-one dollars, with interest on
six hundred and thirty-five dollars and fifty cents, part there-
of, from April 15, 1866, and upon six hundred and thirty-
five dollars and fifty cents, residue thereof, from July 15,
1866, subject to a credit of eight hundred and thirty-two
dollars and thirty-five cents as of April 1, 1867, and fifteen
dollars and ninety-eight cents, costs of the decree.  And it
is further adjudged, ordered and decreed that unless the said
defendant, or some one for him, do within thirty days from
this date pay the said several sums of money, with interest
and costs as aforesaid, and the costs of this suit, then Jacob
B. Jackson, who is hereby appointed a special commissioner
for the purpose, is hereby authorized and required to rent
at public auction, at the front door of the court house of this
county, on some court day, the above mentioned real estate
upon which the complainant's judgments are declared by
this decree to be a lien, for the term of five years, provided
the same will rent for sufficient to pay and satisfy the sums
hereinbefore decreed to be paid by the said defendant, but if
the said real estate will not rent for sufficient in said time to
pay said sums, then said commissioner is authorized to sell
said real estate, or so much thereof as may be necessary, at
public auction, before the front door of the court house of
this county, on some court day.  In case the said property
be rented, the commissioner shall take from the lessee bonds,
with good security, for the payment of the rent semi-annu-
ally, in equal installments, and in case of a sale of said pro-
perty, the said commissioner shall require one fourth of the
purchase-money to be paid in cash, and the residue in three
equal installments, on a credit of six, twelve and eighteen
months from the day of sale, taking from the purchaser
bonds, with good security, bearing interest from date, for the
deferred installments, and retaining a lien on the property
as further security.  Before renting or making sale of said
real estate, said commissioner is required to advertise the
time, terms and place thereof by publishing a notice in some
newspaper printed in the city of Parkersburg for four suc-
cessive weeks prior thereto, and by posting a copy of such

notice at the front door of the court house of this county for a like time, and said commissioner will report his proceedings under this decree to this Court. Before receiving any money under this decree, said commissioner is required to execute a bond, with good security, in the penalty of three thousand dollars, conditioned according to law, and file the same in the papers of this cause."

From this decree R. M. F. Hull, the defendant, on the 10th day of December, 1881, obtained an appeal and *supersedeas* to this Court.

*W. L. Cole* and *W. W. Miller* for appellant cited the following authorities: 1 Dan. Chy. Pr. 559 § 9 note 9; 24 Wend. 586; 13 Gratt. 329; Code ch. 139 § 12; 28 Gratt. 428; Freem. Judgts. § 340; 15 N. Y. 508; 34 N. Y. 182; 7 Paige 195; 4 Wend. 587; 7 Johns. Chy. 90; 3 Wait Act. & Def. p. 197 § 3; 3 Ohio 517; 33 Gratt. 620; 7 W. Va. 74; 16 W. Va. 625; Ang. Lim. §§ 311–315 and authorities cited.

*Walter S. Sands* for appellees cited the following authorities: 28 Gratt. 423; Code Va. (1849) p. 709 § 6; 30 Gratt. 515; 8 W. Va. 210; 6 Gratt. 119; 30 Gratt. 531; 2 Gratt. 44; 9 Gratt. 131; 15 Gratt. 400.

Snyder, Judge, announced the opinion of the Court:

1. The first error assigned is, that the circuit court improperly overruled the demurrer to the plaintiff's bill, for the reason "that the said bill seeks to have the defendant's real estate sold to pay the plaintiff's judgments, and does not allege that they are the only liens upon said real estate, and because it appears that there are other persons whose rights and interests are involved who are not parties to the bill." And that it was also error to overrule the demurrer to the petition of W. B. Caswell and S. M. Peterson, because "said petition shows upon its face that the decree set up therein was barred by the statute of limitations."

The objection of lapse of time was formerly considered a proper ground for a plea and not for a demurrer; for, it was alleged, the plaintiff should have the advantage of showing by replication exceptions which might take the case out of

the operation of the statutory bar. This however, since the abolition and disuse of special replications in equity practice, cannot be considered a sufficient reason for the distinction between a plea and a demurrer, as the plaintiff, if he has any reason or exception to allege to take his case out of the bar arising from the length of time, should show it by his bill; and it is now clearly the rule in equity, that the statute of limitations, or objections in analogy to it, upon the ground of laches, may be taken advantage of by demurrer as well as by plea. 1 Dan. Chy. Pr. 559 sec. 9; *Humbert* v. *Trinity Church*, 24 Wend. 587; *Duponti* v. *Mussy*, 4 Wash. C. C. 128; Story's Eq. Pl. § 878; Mitf. Pl. 321, 322.

But in order to take advantage of the statute of limitations by demurrer to a bill or petition in equity, the rule is the same as it is in respect to other defects and insufficiencies, that the allegations of the bill or petition must show affirmatively or by necessary implication without reference to outside facts, that the claim of the plaintiff is barred or that he is not entitled to relief, though the facts alleged are admitted to be true.

Applying this rule of law to the bill and petition before us, the demurrer to neither can be sustained; because the facts alleged in either are sufficient to entitle the parties to the relief prayed for and these facts are not counteracted by other facts alleged therein which operate to defeat such relief. I am, therefore, of opinion that said bill and petition are sufficient and the demurrer was properly overruled.

2. As the second and third assignments of error relate to the decree set up in petition filed by W. B. Caswell and S. M. Peterson, they may be considered together. It is first insisted that the right to enforce the payment of said decree was barred by the statute of limitations at the time said petition was filed in this suit; and second shat said decree was procured by fraud and misrepresentation, and that, consequently the court should have sustained the appellant's first exception to the report of commissioner Powell.

In support of the said first ground, it is claimed that, as the said decree in favor of Caswell and Peterson was rendered, on the 20th day of April, 1867, and no execution or other process was ever sued out thereon, and no suit or action

was brought thereon until the 28th day of May, 1877, when process was issued on their said petition, more than ten years having intervened, the said decree was barred by the statute of limitations.

This Court in the case of *Wardenbaugh* v. *Reid*, 20 W. Va. 588, decided that "the lien of a judgment on which no execution has ever issued, will not be enforced in a court of equity in a suit brought after the lapse of ten years from the date of such judgment." If, therefore, the facts in this suit are, as supposed by the appellant, the said decree of Caswell and Peterson is barred by time. But in my view of this case the action taken by said Caswell and Peterson on the 24th day of March, 1877, arrested the running of the statute of limitations at that time which was less than ten years from the date of their said decree.

It appears from the record that on the said 24th day of March, 1877, the said Caswell and Peterson presented to the circuit court their petition praying to be admitted as parties plaintiffs in this suit, and thereupon the court ordered that they be admitted as parties plaintiffs, that their petition be filed; and that said petition be remanded to rules and process be issued thereon against the defendant, Hull, to answer the same. It further appears that at rules held in the clerk's office of said court on the 28th day of May, 1877, process was issued on said petition, returnable to the next June rules, and, as shown by the decree of September 27, 1877, said process was duly served on the defendant.

In a court of chancery, it was formerly necessary for the plaintiff to file his bill before the issuing and service of process. But now in this State, except in injunction suits, it is the practice to issue and have the process to answer served before the filing of the bill, and when the bill is filed the *lis pendens* relates back to the service of the process. *Harmon* v. *Byram*, 11 W. Va. 511; 2 Bart. Chy. Pr. 1035.

Where a bill is filed by one creditor as plaintiff, on behalf of himself and others, the statute of limitations will cease running against any of the creditors, who come in under the decree, from the time such suit was commenced. Ang. on Lim. § 331. But if the suit be commenced by one lien-creditor, who does not sue on behalf of himself and other credi-

tors, and an order of reference is made in such suit convening by publication all the lien-creditors of the same judgment debtor; in such case the statute will cease running against creditors, who may come into such suit, only from the date of the order of reference. *Ewing* v. *Ferguson*, 33 Gratt. 548.

It is the constant practice in this State, where a suit is pending to enforce judgment-liens against a debtor's lands, to permit other lien-creditors of such debtor to file petitions in such suit making themselves parties thereto. *Marling* v. *Robrecht*, 13 W. Va. 440. Such petition can only be filed by leave of the court, and an opportunity must be given to any party in interest to answer it. But where no new parties are brought into the suit by the petition, and especially where the cause is subsequently referred to a commissioner, so that all the parties interested can be heard and make their objections, it is not the practice to serve process to answer the petition. *Kendrick* v. *Whitney*, 28 Gratt. 646 ; *Marling* v. *Robrecht*, 13 W. Va. 410.

Where creditors at large file a bill to set aside a deed of their debtor conveying land as fraudulent, and other creditors of such debtor come into said suit by successive petitions, upon a decree setting aside such deed, the said petitioners will be decreed to have liens on such land from the respective dates of the filing of their petitions in the suit. *Wallace* v. *Treakle*, 27 Gratt. 479. And it seems, that the same rule applies where parties by petition come into a suit brought to subject the separate estate of a married woman to the payment of her debts; in such case the petitioners will also have priority for the satisfaction of their debts out of such estate from the dates of their respective petitions. *Hughes* v. *Hamilton*, 19 W. Va. 366.

The principle in all proceedings in chancery, seems to be, that the first action taken by a party for the assertion of his claim by legal process, whether that be by the issuing of process for the commencement of a suit or the filing of a petition in a suit already commenced, is treated as the institution of his suit, and from that time the statute of limitations ceases to run against him. *Ewing* v. *Ferguson*, 33 Gratt. 548; *Kent* v. *Cloyd*, 30 *Id.* 555. It necessarily follows, therefore, that the right of the petitioners, Caswell and Peterson,

to enforce the lien of their decree was not barred by the statute of limitations at the time of filing their petition in this suit.

In reference to the second ground alleged against the said decree of Caswell and Peterson, I do not deem it proper to do more than to decide, that, if the appellant by the proof already taken or such further evidence as he may hereafter adduce, establishes the averments of his answer to the petition of said Caswell and Peterson filed in this cause, then the circuit court should set aside said decree as fraudulent. And as to the sufficiency or insufficiency of the proof now in the record to sustain said allegations, I express no opinion, as the cause must be remanded to the circuit court for errors hereinafter stated, where the matter can be more satisfactorily considered.

3. The fourth and last assignment is, that the "circuit court erred in decreeing the sale of the real estate in said decree mentioned, or the leasing thereof, without first having all the parties in interest before the court so that their rights in the premises could be settled and determined by a decree that would be binding upon them."

In *Neely* v. *Jones*, 16 W. Va. 626, this Court decided, that: "A creditor, who brings suit against a debtor to enforce against his lands a judgment-lien, should sue on behalf of himself and all other judgment-creditors excepting those made defendants, and he should make formally defendants in the suit all creditors who have obtained judgments in the courts of record in the county or counties in which the debtor owns lands sought to be subjected to the payment of the judgments, also all creditors who have obtained judgments in courts of record or before justices in any part of the State, and have had them docketed on the judgment-lien docket of said county or counties. If in such bill the creditor should fail to sue on behalf of himself and all other judgment-creditors, but the court should afford to all judgment-creditors an opportunity to have their judgments audited before a commissioner, by directing a publication to be made, calling on them to present their judgments for auditing, the Appellate Court will regard this as a creditor's bill, the same as if the plaintiff in his bill had sued on behalf of himself and all

other judgment-creditors except those made defendants. If all the judgment-creditors are not made parties to such a suit, either formally or informally, and this is disclosed in any manner by the record, the Appellate Court will reverse any decree ordering the sale of the lands or the distribution of the proceeds of such sale."

In *Norris, Caldwell & Co.* v. *Bean*, 17 W. Va. 655, this Court declared that the necessary parties defendant to such bill are:

"I—The judgment-debtor himself ;

"II—The trustees in all deeds of trust on the judgment-debtor's land sought to be subjected to the payment of judgment-liens ;

"III—If the deeds of trust are deeds to secure the payment of a limited number of debts, then the *cestuis que trust* in these deeds, including not only the parties to whom the debts secured are due, but also all the obligors in these debts, if there be any other obligor than the grantor or judgment-debtor, and if the trusts are of different character then all the *cestuis que trust* in them, unless from their indefinite description or some other good reason they would not all be made defendants in any suit in equity brought by an adverse claimant against the trustee respecting the trust-property;

"IV—All the several plaintiffs as well as all the several defendants in all judgments in the courts of record in the counties in which the lands sought to be subjected lie, which have been rendered against the judgment-debtor alone or the judgment-debtor and other defendants jointly, and also all the plaintiffs and all the defendants in any such judgments, whether rendered by courts of record or by justices in any part of the State, which have been docketed on the judgment-lien docket of said county or counties; and

"V—Any other party, who according to the general rules of equity in the particular case has such a direct interest in the subject-matter or object of the suit, as would render it necessary that he should be made a defendant to the suit, as for instance the transferee or other owner of any debt secured by a deed of trust on any part of the real estate sought to be subjected to the payment of the judgment-debts." *Shenandoah V. N. Bank* v. *Bates*, 20 W. Va. 210.

Our statute now provides who shall be made parties to a suit by a lien-creditor and how notice shall be given to other lien-holders—section 7, chapter 126 of Acts 1882. And section 8 of said act provides that: "Where the real estate liable to the lien of a judgment is more than sufficient to satisfy the same, and it, or any part of it, has been aliened, as between the alienees for value, that which was aliened last shall, in equity, be first liable, and so on with other successive alienations until the whole judgment is satisfied." Section 9, chapter 139 of Code, p. 666; *Renick* v. *Ludington*, 20 W. Va. 511.

Applying these principles of equity to the decree appealed from in this cause, the errors are apparent and need but little discussion. The only original parties to the suit were the plaintiff, H. J. Jackson's administrator and the defendant, R. M. F. Hull, and no one was subsequently made a party except W. B. Caswell and S. M. Peterson, who were made such on their own petition. These are the only parties to the suit, made so either formally or informally; for this was not a bill filed by the plaintiff on behalf of herself and all other judgment-creditors, nor was it made a creditors' bill by reference to a commissioner and a convention of the creditors by publication in a newspaper. The judgment-debtor at the date of the decree owned no real estate, he having by successive alienations prior thereto disposed of all his real estate. None of his alienees are parties to the suit, yet the decree orders their real estate to be sold or rented. And the order of renting or sale is not to subject said real estate to the payment of the liens thereon in the inverse order of the alienations as required by the statute, but they are subjected without distinction. The judgments of Braiden, Ruth & Co., A. B. Clark & Bro., M. P. Amiss, J. H. Haun & Co. and Jenkins, Jackson & Co. and the trust-debt of H. W. Buckley are considered and rejected without either of said creditors having been made parties or having an opportunity to be heard; and a debt is allowed in favor of the Parkersburg Mill Company, without its having been in any manner made a party.

For these errors and, perhaps of others, which, if they exist, it is unnecessary to refer to, the said decree of the circuit

court of April 8, 1880, must be reversed with costs to the appellant against the appellees.    And this cause is remanded to the said circuit court of Wood county with leave to the plaintiff to amend his bill by making parties thereto all those whom it is necessary to make such according to the rules and principles set forth in this opinion; that the appellant, Hull, and the petitioners, W. B. Caswell and S. M. Peterson, have leave to take any further proof they, or either of them, may desire in support of the allegations in the petition of said Caswell and Peterson filed in this suit or the answer of said Hull to said petition; and that this cause be further proceeded in in said circuit court according to the principle announced in this opinion and further according to the rules and practice in courts of equity.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED.    CAUSE REMANDED.