# WHEELING.

## LAIDLEY *v.* LAIDLEY.

Submitted January 26, 1885.—Decided April 4, 1885.

1. It is a general rule, that courts of equity do not entertain jurisdiction to give relief by way of compensation or damages for breaches of contract and other wrongs cognizable at law, where these constitute the sole objects of the bill. In equity relief in such cases can be granted only as incidental to other relief sought by the bill and granted by the court ; or when there is no adequate remedy at law ; or when some peculiar equity intervenes. (p. 528.)

2. Averments in a bill of facts showing equitable jurisdiction, which are shown by other averments and the manifest objects of the

bill to be merely colorable, will not give equity jurisdiction, if the real cause of action is one for which the plaintiff has a full and adequate remedy at law. (p. 528.)

3. A vendee of land files his bill in equity against his vendor alleging, that he was induced to buy the land and pay the purchase-money upon the false and fraudulent representations of the vendor that the title was perfect and unencumbered, when in fact the land was subject to a vendor's lien in favor of a former grantor, under which it was subsequently sold whereby he lost the land and the amount paid for it, and praying that the contract of sale and deed to him for the land may be rescinded and the vendor compelled to refund the purchase-money. On demurrer the circuit court dismissed the bill. HELD :

This was not error. (p. 529.)

The facts of the case appear in the opinion of the Court.

*J. B. Laidley, Jr.* for appellant.

*W. S. Laidley* for appellees.

SNYDER, JUDGE:

Appeal from a decree pronounced by the circuit court of Cabell county, May 26, 1882, in the suit of John Laidley, Jr., against George S. Laidley, I. V. Sweetland, Jesse Spurlock and others. By said decree the demurrer of the defendants, Laidley and Sweetland, was sustained and the plaintiff's bill dismissed without prejudice, &c. The sole question to be decided here is, did the court err in sustaining the demurrer and dismissing the bill?

The material allegations of the bill are, that one Hite, by deed dated November 28, 1856, conveyed to Kirkpatrick lot No. 19 in the town of Guyandotte in said county, retaining a vendor's lien thereon for $535.00, and the latter conveyed the said lot to M. J. Spurlock, who by deed dated September 28, 1858, conveyed the same to Jesse Spurlock, the vendor's lien for said Hite debt being retained in each of said deeds all of which were duly recorded; that said Jesse Spurlock, in April, 1864, sold said lot to one Bowen to whom he gave his title-bond for a conveyance thereof which was assigned by Bowen without recourse to one Bumgardner who, on January 11, 1865, assigned the same to the defendants, Laidley and Sweetland, the consideration for these respective

sales of the lot and assignments of the title-bond being $200.00, which was paid in each case; that the defendants, Laidley and Sweetland, took possession of the lot and built a store-house on it and the plaintiff, being assured by the defendants, one of whom was his brother in whom and in whose business capacity he had the utmost confidence, that they had a good title to the lot free from any liens whatever, and that all the purchase-money had been paid, relying and acting upon said representation purchased the said house and lot from them, without examining the record of the title, at the price of $1,400.00 which he paid them and they placed him in possession, and afterwards on October 23, 1865, assigned, to him the aforesaid title-bond; that they, in March, 1866, caused the said Jesse Spurlock, in whom the legal title was vested, to convey said lot to plaintiff by deed which he received and soon after had recorded; that plaintiff was wholly ignorant of the said vendor's lien in favor of Hite until September, 1868, and that a short time after he was so informed the said Hite brought a suit against him and the defendants in this suit to enforce said lien; that by proceedings in said suit said house and lot were sold and purchased by Hite for a sum less than his vendor's lien, and by decree of April, 1878, said sale was confirmed and Hite put in possession of the property, whereby the plaintiff entirely lost said property and the money paid for and expended on it by him, and the defendants, Laidley and Sweetland, have failed and refused to refund the money so paid them and expended; that the plaintiff is entitled to relief in equity because the defendants scienter or knowledge of the fraud in such court is immaterial while in an action at law it would be essential and on the grounds that the plaintiff was misled to his injury by the false and fraudulent representations of the defendants, Laidley and Sweetland, the failure of consideration and the want of an adequate remedy at law. The prayer is, that the contract of sale and assignment of the title-bond to the plaintiff, and also the deed from Jesse Spurlock to him may be rescinded and that he may recover from the defendants, Laidley and Sweetland, his said purchase-money and costs.

The cause has not been argued for the appellant in this

court. The counsel for the appellees, Laidley and Sweet-
land, insists that the only object of this suit is to recover
damages for a wrong for which the plaintiff has a complete
remedy at law, consequently a court of equity has no juris-
diction, and also that if the plaintiff ever had an equitable
cause of action it is barred by limitation and the lapse of
time.

It seems to me, that if the plaintiff has a cause of action,
the allegations of his bill fail to show that he has not a plain
and adequate remedy at law. It is true the plaintiff avers in
his bill that he has not an adequate remedy at law, but such
an averment is a mere conclusion and can have no effect un-
less facts are stated which justify such conclusion.

"It may be stated, as a general proposition, that for
breaches of contract and other wrongs and injuries cogni-
zable at law, courts of equity do not entertain jurisdiction
to give redress by way of compensation or damages, where
these constitute the sole objects of the bill. For, whenever
the matter of the bill is merely for damages, and there is a
perfect remedy therefor at law, it is far better that they should
be ascertained by a jury than by the conscience of an equity
judge. And indeed the just foundation of equitable juris-
diction fails in all such cases, as there is a plain, complete
and adequate remedy at law. Compensation or damages (it
should seem) ought, therefore, ordinarily to be decreed in
equity only, as incidental to other relief sought by the bill,
and granted by the court; or where there is no adequate
remedy at law, or where some peculiar equity intervenes."
2 Story's Eq. Jur., sec. 794.

In *Meze* v. *Mayes* the court say : " A court of equity can
give damages in no case where the party has a clear remedy
at law ; nor even when he has no such remedy, unless, per-
haps, under very peculiar circumstances." 6 Rand. 660 ;
*Anthony* v. *Leftwich* 3 *Id.* 328.

In *Robertson* v. *Hogsheads*, 3 Leigh 667, the bill was filed by
a vendee of land against the vendor after conveyance, alleging
fraud in the contract of sale and asking that the contract
might be rescinded for fraud, and for general relief. The
court having held that the plaintiff upon the facts, was not
entitled to a rescission of the contract, " held further, that

he was not entitled to ask, that the damages he had sustained by reason of the alleged fraud should be ascertained by the court of chancery and decreed to him in abatement from the purchase-money."

These authorities are conclusive, that a court of equity will not entertain a bill filed for compensation for the breach of a contract or to recover damages for a fraudulent representation unless other distinct grounds of equitable jurisdiction are alleged and proved and such compensation or damages are merely incidental to such distinct equitable jurisdiction.

The attempt to take this case out of the general rule, it seems to me, is a failure. The allegation that a knowledge on the part of the defendants, Laidley and Sweetland, of the falsity of the representations is immaterial in equity while it is essential in an action at law, does not correctly state the law. The law is well settled both in courts of law and equity, that where a party makes a statement of a material fact on his own knowledge, when he really has no information on the subject, he is responsible as for a fraud to the party to whom such statement was made if it was relied on by the latter and proves to be false. *Creslip* v. *Cain*, 19 W. Va, 440; Cooley on Torts, 492.

The failure of the consideration of a contract is a good defence to the enforcement of such contract either in a court of law or equity, but after the consideration has been paid and the contract executed a court of equity has no jurisdiction to compel the refunding of the consideration. The remedy in such case would be ample at law, if a recovery could be had at all.

The prayer for a rescission of the contract of sale and assignment of the title-bond and the cancellation of the deed from Spurlock to the plaintiff, is merely colorable and can give no aid to the jurisdiction of a court of equity in this case. The lot to which said papers relate having been sold and passed beyond the control of any of the parties to the bill, said contract and deed are as absolutely inoperative and harmless for any purpose as if they had been cancelled and destroyed by the parties. The object and purpose of a court in making a rescission of a contract or deed is to place the parties *in statu quo ;* and a rescission is never directed when

this can not be done unless demanded by the clearest and strongest equity. *Grymes* v. *Sanders*, 3 Otto 55. It will never be done when no useful purpose can be subserved by it.— *Brown* v. *Witter*, 10 Ohio 142.

These are all the special grounds alleged for equitable jurisdiction, and, each of them being insufficient, the bill if sustained at all must be sustained upon the sole ground that the plaintiff was misled to his injury by the false and fraudulent representations of the defendants, Laidley and Sweetland, as to the title of the lot at the time he purchased from them. Conceding that he had the right to rely upon said representations, notwithstanding the records of the county showed the incumbrance on the lot, a concession which it is not entirely certain he is entitled to, still he would not be entitled to relief in equity on that ground alone. To entertain such a claim would be to hold that an action of *assumpsit* for money had and received for the use of the plaintiff or an action of deceit for fraudulent and false representations could be prosecuted in a court of equity. The remedy in such cases is plain and complete at law; and, therefore, according to the authorities first hereintofore given, they can not be entertained in a court of equity.

It is also clear from the facts averred in the bill that the plaintiffs cause of action, if he ever had any right to relief in equity, was barred by the lapse of time before the institution of this suit.— *Graham* v. *Graham*, 16 W. Va. 598–620. And such defence may be made by demurrer.— *Jackson* v. *Hull*, 21 W. Va. 601.

In any view, therefore, the decree of the circuit court was right and must be affirmed.

AFFIRMED.